The East St. Louis Packing and Provision Company

*v.*

Amos Hightower.

1. Negligence—*liability for keeping defective machinery.* A servant can not recover of his employer damages for an injury received while in the discharge of his duty, from a defect in machinery used, without showing that the employer had knowledge, or might have had knowledge, of the defect, by the use of reasonable diligence.

2. Same—*comparative.* Where the plaintiff is guilty of contributory negligence he can not recover, unless it appears that his negligence was slight, and that of the defendant gross, in comparison with each other; and in instructing the jury both these terms should be used.

3. Instruction—*must have a basis in pleadings and evidence.* An instruction having no basis either in the pleadings or the evidence, should not be given in a case where the evidence is conflicting.

Appeal from the City Court of East St. Louis.

Mr. John B. Bowman, and Mr. L. H. Hite, for the appellant.

Mr. M. Millard, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

This was an action on the case, by appellee against appellant, for negligence, resulting in personal injury. The declaration contains but a single count.

The allegation is, that appellee, on the 8th of November, 1874, was an employee, as fireman, in appellant's pork packing establishment, " to attend to the furnace and keep up the fire of the engine and boilers, and to assist in oiling machinery connected therewith, and in regulating the supply of water for said boilers, and in blowing the same out as occasion should require;" and that appellant " wrongfully and negligently permitted a certain blow-off pipe connected with said boilers to be so improperly constructed, fastened, arranged,

and out of repair," that while appellee " was then and there engaged, with due care and diligence, in blowing out said boilers, said pipe broke loose from its fastening and struck " appellee, etc., etc.

Appellant pleaded not guilty.

The jury returned a verdict, on the trial, in favor of appellee, assessing his damages at $1000.

The court, after overruling a motion for a new trial, gave judgment on this verdict.

Appellee testified that while he was blowing off appellant's boilers one of the blow-off pipes flew up and struck him on the left shoulder, breaking the shoulder bone.

There is no dispute as to the fact that appellee was, in some way, injured in his shoulder quite seriously.  But there is conflict in the evidence whether the injury was inflicted in the way he says.  There is also conflict in the evidence whether appellant knew, or by the exercise of reasonable diligence might have known, that the blow-off pipe was unsafe.

One witness testified, on this point, that one of the blow-off pipes blew up three or four weeks before appellee got hurt, and that the machinist having charge of such repairs, the last time he fixed the pipes before appellee got hurt, did not have time to fasten the middle pipes.

Other witnesses testify that the pipes were not, at the time appellee was injured, out of repair or dangerous, and that it is not possible that appellee could have been injured in the manner that he says he was.

It does not appear from the evidence but that appellee may have been as fully informed in regard to the condition of these pipes, at and before the accident, as any other employee of appellee was, or that, as originally constructed, they were unsafe or dangerous by reason of defective material or inferior workmanship.

The court, at the instance of appellee, gave, among others, these instructions to the jury, to which appellant excepted :

"1. If the evidence shows that the plaintiff was injured through any defect in the construction of the pipes in consequence of their being out of repair, or in an unsafe condition, then he is entitled to recover, if he used due care while attempting to blow out the pipe."

"5. If the negligence of plaintiff was slight, in comparison with that of the defendant, he is entitled to recover.

"6. The defendant is responsible for the conduct of the engineer (McCoy) while acting within the scope of his authority and the line of his duty."

The first instruction ignores the element that to charge appellant it is essential to show knowledge, or that knowledge might have been obtained by the use of reasonable diligence, of the defect in the pipe which caused the injury, and without this there can be no recovery in such cases. *Chicago and Alton R. R. Co.* v. *Platt,* 89 Ill. 141 ; *Columbus, Chicago and Indiana Central Ry. Co.* v. *Troesch,* 68 id. 545. The burden was upon appellee to make this proof. *Allen* v. *New Gas Co.* 1 Exch. 251, (17 Eng. Reps., Moak's notes, 420.)

The fifth instruction omits the element of the gross negligence of the appellant.

Where the plaintiff is guilty of contributory negligence he can not recover, unless it appears that his negligence was slight and that of the defendant gross in comparison with each other. Both terms must be stated to enable the jury to obtain a correct apprehension of the rule. *Illinois Central R. R. Co.* v. *Hammer,* 72 Ill. 347.

The sixth instruction has no basis, either in the declaration or the evidence, whereon to rest. It is not alleged, nor is there a particle of proof, that the conduct of the engineer, McCoy, while acting within the scope of his authority, or the line of his duty, caused or materially contributed to the injury complained of.

The judgment is reversed and the cause remanded.

*Judgment reversed.*