THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY

v.

LYCURGUS K. AVERY.

1. COMPARATIVE NEGLIGENCE — TERMS "GROSS" AND "SLIGHT."— The rule is that a plaintiff who has been guilty of negligence contributing in a slight degree to the injury, may recover of a defendant who has been grossly negligent; but in such case the negligence of the plaintiff must be but slight, and that of defendant gross in comparison; and both these terms "gross" and "slight," or their equivalent, should be used in every instruction that attempts to lay down the rule.

2. WANT OF ORDINARY CARE.—The term "want of ordinary care" used in an instruction upon the rule as to comparative negligence, is not equivalent to the term "gross negligence."

3. LIABILITY OF EMPLOYER TO EMPLOYE.—It seems that if the railroad company permitted the car in question to be run into the yard in a damaged and dangerous condition, for so many consecutive days that the company in the exercise of a high degree of care, might have known of its dangerous

condition in time to avoid an injury therefrom, and that its duties in this respect were neglected, it would be liable to an employe for damage occasioned thereby, irrespective of the fact that the car was owned by another company whose duty it was to repair it.

4. HAZARDOUS EMPLOYMENT—CARE OF EMPLOYE.—An employe engaged in an employment known to be dangerous, is bound to exercise a corresponding degree of care in respect to his own personal safety.

APPEAL from the Circuit Court of Adams county; the Hon. J. H. WILLIAMS, Judge, presiding. Opinion filed January 18, 1881.

MR. O. H. BROWNING, for appellant; argued that appellee could not recover if he had knowledge of the dangerous condition of the car, or if he had the opportunity and might have known it; and cited Belair v. R. R. Co. 43 Ia. 662; Railroad Co. v. Jewell, 46 Ill. 99; Pierce on Railroad Law, 297; Baker v. Alleghany R. R. Co. 13 Chicago Legal News, 44.

Knowing that it was a common thing for cars to come into the yard with broken followers he should have examined this, as he could have easily done: Railroad Co. v. Jones, 5 Otto 439; Pierce on Railroad Law, 272.

The accident is attributable as much to plaintiff's want of due care as to any other cause, and he cannot recover: I. B. & W. R. R. Co. v. Flanigan, 72 Ill. 365; C. & N. W. Ry. Co. v. Scates, 90 Ill. 586; T. W. & W. Ry. Co. v. Black, 88 Ill. 112.

The plaintiff by entering upon this employment assumed all the ordinary perils of the service in which he engaged: C. & N. W. R. R. Co. v. Ward, 61 Ill. 130; I. B. & W. R. R. Co. v. Flanigan, 77 Ill. 365; Clark v. C. B. & Q. R. R. Co. 92 Ill. 44; Dorsey v. Construction Co. 42 Wis. 583; Lovell v. Hovell, 1 L. R. C. P. Div. 161; Gibson v. R. R. Co. 63 N. Y. 449; T. W. & W. R. R. Co. v. Black, 88 Ill. 46.

Injury from the carelessness of those in the same line of employment with himself, is one of the perils which plaintiff assumed, and for which the employer is not liable: Farwell v. B. & W. R. R. Co. 4 Met. 49; Richardson v. Cooper, 88 Ill. 270; Clark v. C. B. & Q. R. R. Co. 92 Ill. 43; Beaulien v. Portland Co. 48 Me. 295; Searle v. Lindsay, 103 E. C. L. 426; Hodgkins v. R. R. Co. 119 Mass. 419.

C. B. & Q. R. R. Co. v. Avery.

As to what constitutes a common employment: C. & A. R. R. Co. v. Murphy, 53 Ill. 339; Valtez v. C. & M. Ry. Co. 85 Ill. 500.

The terms "slight" and "gross" should be expressed in every instruction which assumes to lay down the rule of comparative negligence: T. W. & W. R. R. Co. v. Grable, 88 Ill. 442; C. B. & Q. R. R. Co. v. Harwood, 90 Ill. 426; East St. Louis L. P. & P. Co. v. Hightower, 92 Ill. 139; Wabash R'y Co. v. Henks, 91 Ill. 408.

Messrs. Wheat & Marcy, for appellee; contending that the plaintiff had a right to presume that the duties of inspection and repair, as to the car, had been performed, and to handle it as sound when presented to him as such, cited C. & N. W. R. R. Co. v. Swett, 45 Ill. 197; Ill. Cent. R. R. Co. v. Welch, 52 Ill. 183; C. & A. R. R. Co. v. Pondrom, 51 Ill. 333; C. & A. R. R. Co. v. Wilson, 63 Ill. 167; St. L. & T. H. R. R. Co. v. Dunn, 78 Ill. 197; Goodfellow v. R. R. Co. 106 Mass. 462; Ford v. F. R. R. Co. 110 Mass. 260; Porter v. H. R. R. Co. 60 Mo. 162.

He was not bound to guard against remote possibilities of danger, in the absence of any notice of present peril: Snow v. Housatonic R. R. Co. 8 Allen 441; C. & N. W. R. R. Co. v. Jackson, 55 Ill. 492; Dorsey v. Phillips Co. 42 Wis. 583; C. & I. R. R. Co. v. Russell, 91 Ill. 302; Wedgwood v. Chicago, etc. R. R. Co. 41 Wis. 478; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; C. & N. W. R. R. Co. v. Taylor, 69 Ill. 461; Ill. Cent. R. R. Co. v. Welch, 52 Ill. 183; Cooms v. N. B. Co. 102 Mass. 572; Spanny v. Mill Co. 62 Me. 420; T. W. & W. R. R. Co. v. Fredericks, 71 Ill. 299; Fairbank v. Haentsche, 73 Ill. 236.

Plaintiff proceeded in the ordinary manner used in such cases, and this was ordinary diligence: C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; C. & I. R. R. Co. v. Russell, 91 Ill. 303; Snow v. H. R. R. Co. 8 Allen, 448.

Peril occasioned by the employer in respect to supplying safe instrumentalities, is not one of the ordinary risks, assumed by the employe: Hough v. T. P. R. R. Co. 9 Report-

er 194; Cayzer v. Taylor, 10 Gray, 282; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 226; C. & N. W. R. R. Co. v. Swett, 45 Ill. 197; Ford v. F. R. R. R. Co. 110 Mass. 260.

The employer is bound to use diligence in providing and maintaining safe machinery to be used by his employes: C. & N. W. R. R. Co. v. Swett, 45 Ill. 197; C. & A. R. R. Co. v. Shannon, 43 Ill. 338; C. & N. W. R. R. Co. v. Jackson, 55 Ill. 492; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; T. P. & W. R. R. Co. v. Conroy, 61 Ill. 162.

Negligence in this particular, in any agent or servant, is the negligence of the company itself: C. & N. W. R. R. Co. v. Swett, 45 Ill. 197; Ford v. F. R. R. R. Co. 110 Mass. 260; C. & N. W. R. R. Co. v. Taylor, 69 Ill. 461; Perry v. Ricketts, 55 Ill. 234; C. & N. W. R. R. Co. v. Jackson, 55 Ill. 492; St. L. & T. H. R. R. Co. v. Dunn, 78 Ill. 197; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272.

The defendant was liable for the negligence of other companies running cars over its tracks: O. & M. R. R. Co. v. Dunbar, 20 Ill. 623; C. & St. P. R. R. Co. v. McCarthy, 20 Ill. 385; C. & R. I. R. R. Co. v. Whipple, 22 Ill. 105; Ill. Cent. R. R. Co. v. Finnigan, 21 Ill. 648; T. R. R. Co. v. Rumbold, 40 Ill. 144; R. R. I. & St. L. R. R. Co. v. Heflin, 65 Ill. 366, E. St. L. R. R. Co. v. Gerber, 82 Ill. 632; R. R. Co. v. Barron, 5 Wall. 104; Y. & N. L. R. R. Co. v. Winans, 17 How. 39; Nelson v. Vt. & C. R. R. Co. 26 Vt. 721; McElroy v. N. R. R. Co. 8 Cush. 400.

Negligence of other yard hands to caution plaintiff is no defense: C. & A. R. R. Co. v. Shannon, 43 Ill. 338; T. W. & W. Ry. Co. v. Fredericks, 71 Ill. 294.

As to common employment: C. & N. W. R. R. Co. v. Moranda, 93 Ill. 309; Stoddard v. St. L., etc., R. R. Co. 65 Mo. 520.

The unreasonable length of time this damaged car was continuously run, charges the defendant with notice: T. P. & W. R. R. Co. v. Conroy, 61 Ill. 162; C. & I. R. R. Co. v. Russell, 91 Ill. 301.

Failure to use ordinary care in supplying safe instrumentalities, is gross negligence: C. B. & Q. R. R. Co. v. Gregory,

58 Ill. 272; T. W. & W. R. R. Co. v. Fredericks, 71 Ill. 294; C. & D. R. R. Co. v. Russell, 91 Ill. 303; Fairbank v. Haentsche, 73 Ill. 236.

As to damages being excessive: N. L. Packet Co. v. Bininger, 70 Ill. 571; Ill. Cent. R. R. Co. v. Simmons, 38 Ill. 242; C. & A. R. R. Co. v. Wilson, 63 Ill. 167; Campbell v. Portland Co. 62 Me. 553; T. W. & W. R. R. Co. v. Fredericks, 71 Ill. 294; Ill. Cent. R. R. Co. v. Parks, 88 Ill. 373; Shaw v. B. & W. R. R. Co. 8 Gray, 81; Collins v. Council Bluffs, 32 Ia. 593; Blair v. C. & N. W. R. R. Co. 43 Ia. 662; Murray v. Hudson R. R. Co. 47 Barb. 96; Walker v. Erie R. R. Co. 63 Barb. 260; Rockwell v. T. A. R. R. Co. 64 Barb. 438; Campbell v. Portland Co. 62 Me. 553.

McCULLOCH, P. J. This was an action on the case brought by appellee to recover damages for an injury sustained by him while in the employment of appellant. The cause of action as set out in the declaration, is that appellee was a servant and employe of appellant in its railroad yard at Quincy, and that as such, it was his duty to couple and uncouple cars; that appellant permitted a certain car to come into its yard, and of its carelessness and negligence permitted said car to be used and operated on its railroad with the appliances for coupling and uncoupling so broken and insecure as to be greatly and unnecessarily dangerous to any employe who should have to couple or uncouple the same; that while appellee, in the course of his duty, was endeavoring to uncouple said car, without any fault or negligence of his, his right thumb was caught and crushed by and between the dead wood and coupling pin of the car, whereby his thumb was permanently injured and stiffened and rendered permanently useless. It appears that appellant is possessed of a railroad yard at Quincy into which by arrangement with appellant the trains of several roads run; that appellee had for a year next preceding the accident complained of, been foreman of the night work in that yard; that all the switching was done by the engines and emyloyes of appellant; that the train in which this particular car was at that time, was a train of the Keokuk and St. Louis Railroad; that it had

for several days been out of order on account of the follower of the draw-bar being broken, and that in consequence thereof the coupling-pin came into contact with the dead-wood. While appellee was endeavoring to uncouple this car his thumb was caught and crushed between the pin and the dead-wood causing permanent injury. A trial was had before a jury who awarded appellee damages in the sum of $10,000, but one-half the verdict being remitted judgment was rendered for $5,000.

Appellant seeks to reverse this judgment on several grounds, namely: that appellee was guilty of such contributory negligence as to preclude a recovery; that he was injured by one of the ordinary perils of the service in which he was engaged; that he received his injury by reason of the negligence of his fellow servant in the same line of employment with himself; that the negligence leading to the accident was that of the Keokuk and St. Louis Railroad Company, for which appellant was not answerable; that the court erred in giving and refusing instructions, and because the damages are excessive.

As the case must go to another jury, we do not deem it advisable to discuss at length the question as to how far the allegations of the declaration are sustained by the proof, or how successfully such proof has been met by that of defendant below. To say nothing of appellant's liability for the negligent acts of another company in the occupancy or use of its road, or of its liability for the negligence of appellee's fellow servants, it seems plain to us that, no matter whose duty it was to keep the car in repair or to prevent its coming into appellant's yard in a damaged and dangerous condition, if these duties were neglected, and the car permitted to come into appellant's yard for so many consecutive days that appellant, in the exercise of a high degree of care, might have known of its damaged and dangerous condition in time to avoid any injury therefrom, then appellant would be liable to its employes for any damage occasioned thereby, without any fault of their own. On the other hand, appellee being engaged in an employment known to be dangerous, was bound to exercise a corresponding degree of care in respect to his own personal safety. We are not prepared to say that the evidence shows him entirely

free from fault. But of the relative degree of negligence of which the parties were severally guilty, if guilty at all, the jury were the proper judges, and upon this point they should have been accurately instructed. The rule is, that a plaintiff who has been guilty of negligence contributing in a slight degree to the injury, may recover of a defendant who has been grossly negligent, but in such case the negligence of the plaintiff must be but slight, and that of defendant gross when compared with that of plaintiff, and both these terms "gross" and "slight" or their equivalent should be used in every instruction that attempts to lay down the rule. Illinois Cent. R. R. Co. v. Hammer, 72 Ill. 347; T. P. & W. Railway Co. v. Grable, 88 Ill. 442; C. B. & Q. R. R. Co. v. Harwood, 90 Ill. 426; E. St. L. & P. Co. v. Hightower, 92 Ill. 139; C. & N. W. Ry. Co. v. Dimick, adm'r, 96 Ill. 42.

Appellee's first and fifteenth instructions do not conform to this rule. They in substance inform the jury that if appellant was guilty of a want of ordinary care, and its negligence in this behalf was the cause of the injury complained of, then if appellee was not guilty of negligence, or only of a degree of negligence, slight in itself, and slight in comparison with the negligence of appellant, then they should find for appellee. Counsel for appellee concede the rule to be substantially as above stated, but contend that the phrase "want of ordinary care" as used in the instruction, is equivalent to the term "gross negligence." It must be observed, however, that the term "ordinary care" is a variable one, having different significations when applied to the facts of different cases. If we were to concede that, in a case requiring a *high* degree of care, the want of ordinary care would amount to gross negligence, yet it is equally true that where only ordinary care is required the neglect of such a degree of care does not necessarily amount to gross negligence. Stratton v. Central City Horse Ry. Co. 95 Ill. 25.

To the mind of a person not accustomed to draw such fine distinctions the term "gross negligence" would convey a very different impression from that conveyed by the term "want of ordinary care," and in order to make it understood by the jury

in the sense in which we are now asked to interpret it, other and explanatory instructions would be required.

We therefore hold these instructions to be erroneous, and there being no others given upon this point, for this reason the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.