CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY

v.

JEREMIAH O'CONNOR.

1. COMPARATIVE NEGLIGENCE.—The element of comparison is as indispensable to a proper statement of the rule of comparative negligence as are the degrees of the negligence of the respective parties, and an instruction

C. & E. I. R. R. Co. v. O'Connor.

which fails to institute a comparison of the plaintiff's negligence with that of the defendant, is erroneous.

2.  CONTRIBUTORY NEGLIGENCE—INSTRUCTION.—An instruction that "if you find from the evidence that the plaintiff did not exercise ordinary care *to avoid being injured at the time of the accident and prior thereto*," etc., is erroneous, for if a defendant convicts a plaintiff of such want of ordinary care *at the time of* the injury, he is not bound in order to establish his defense, to also show a want of ordinary care *prior* to the injury and *vice versa*.

APPEAL from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.    Opinion filed June 27, 1883.

This was an action on the case, brought by Jeremiah O'Connor, against the Chicago and Eastern Illinois Railroad Company, to recover damages for a personal injury received by the plaintiff, in consequence of being run against, and struck by one of the defendant's locomotive engines.    There was evidence at the trial tending to prove negligence on the part of the servants and employes of the defendant in charge of said engine, and there was also evidence tending to prove contributory negligence on the part of the plaintiff.    The court, at the instance of the plaintiff, gave to the jury instructions defining a slight and gross negligence, and also, among other instructions, the following:

"3.    The court instructs the jury, that while a person is bound to use reasonable care to avoid injury, yet he is not held to the highest degree of care and prudence of which the human mind is capable; and to authorize a recovery for an injury, he need not be wholly free from negligence, provided his negligence is but slight, and the other party be guilty of gross negligence as defined in these instructions; and in this case, although the jury may believe from the evidence that the plaintiff was guilty of some slight negligence contributing to the injury in question, yet if the jury further believe, from the evidence, that the plaintiff's negligence was but slight, and that the defendant's servants were guilty of gross negligence, as explained in these instructions, and that the injuries complained of as charged in the declaration were caused thereby, then the plaintiff is entitled to recover."

Among the instructions asked by the defendant was the following, which the court refused to give as asked, but modified the same by inserting therein the words in italics, and gave the same to the jury as modified.

"1.   If you find, from the evidence, that the plaintiff did not exercise ordinary care, *to avoid being injured*, *at the time of the accident and prior thereto*, and as a result, he was injured, you should find for the defendant, unless you find the acts of the defendant were so willfully and wantonly reckless, as to authorize the presumption of an intention to injure generally."

Proper exceptions were preserved by the defendant to the rulings of the court in giving and refusing instructions, and thereupon the jury found the defendant guilty, and assessed the plaintiff's damages at $5,000, and the court, after denying the defendant's motion for a new trial, gave judgment on the verdict.

Mr. WILLIAM ARMSTRONG, for appellant; that employes are presumed to contract against the hazards incident to the service, cited C. & N. W. R'y Co. v. Donahue, 75 Ill. 106; C. B. & Q. R. R. Co. v. Avery, 8 Bradwell, 133; R. R. I. &. St. L. R. R. Co. v. Delaney, 82 Ill. 198; C. v. N. W. R'y Co. v. Sweeny, 52 Ill. 328.

The omission of a railroad company to give the signal required by law at a public crossing is not evidence of negligence in a suit by a person injured upon the track beyond such crossing:   1 Thompson on Negligence, 452; Rohback v. P. R. R. Co. 43 Mo. 187–194; P. & R. R. R. Co. v. Spearen, 47 Pa. 300; O'Connor v. P. & W. R. R. Co. 6 R. I. 211; Ernst v. Hudson R. R. R. Co. 35 N. Y. 9; Elwood v. N. Y. Cen. & H. R. R. R. Co. 4 Hun, 808; I. C. R. R. Co. v. Modglin, 85 Ill. 481; P. P. & J. R. R. Co. v. Siltman, 88 Ill. 529.

Appellee must aver and affirmatively prove on the trial that he was exercising due care at the time he was injured: C. & N. W. R'y Co. v. Thorson, 11 Bradwell, 631; I. & St. L. R. R. Co. v. Evans, 88 Ill. 63; C. B. & Q. R. R. Co. v. Johnson, 103 Ill. 512; C. & N. W. R'y Co. v. Donahue, 75 Ill. 106.

As to definition of slight negligence: C. & N. W. R'y v. Thorson, 11 Bradwell, 631; C. B. & Q. B. R. Co. v. Johnson, 103 Ill. 512.

As to fellow servants: C. & N. W. R'y Co. v. Moranda, 93 Ill. 302; C. & T. R. R. Co. v. Simmons, 11 Bradwell, 147; Clark v. C. B. & Q. R. R. Co. 92 Ill. 43.

Messrs. Hynes, English & Dunne, for appellee; that an engineer and track repairer are not fellow servants, cited P. Ft. W. v. C. R. R. Co. v. Powers, 74 Ill. 341; Moranda v. C. & N. W. R'y Co. 93 Ill. 302.

As to signals at crossings: Schultz v. Chicago, etc. R. R. Co. 44 Wis. 638; Goodfellow v. Boston R. R. Co. 106 Mass. 461; Wakefield v. C. & P. R. R. Co. 37 Vt. 334; Sawyer v. R. & B. R. R. Co. 27 Vt. 378.

Where one railroad company, A, runs its cars on the tracks of another company, B, the employes of the former are not fellow servants of the employes of the latter: 1 Thompson on Negligence, 1043; Smith v. N. Y. etc. R. R. Co. 19 N. Y. 127; Sawyer v. Rutland, etc. R. R. Co. 27 Vt. 370; Taylor v. U. P. R. R. Co. 45 Cal. 323; Carroll v. Minn. V. R. R. Co. 13 Minn. 30; Warburton v. G. W. R. R. Co. L. R. 2 Exch. 30.

As to slight negligence: C. B. & Q. R. R. Co. v. Harwood, 90 Ill. 425; City of Winchester v. Case, 5 Bradwell, 489; E. St. L. P. Co. v. Hightower, 6 Weekly Jurist, 408; President v. Carter, 2 Bradwell, 34; I. C. R. R. Co. v. Hammer, 72 Ill. 347.

As to excessive verdict: Monka v. N. C. Rolling Mill Co. T. W. & W. R. R. Co. v. Fredericks, 71 Ill. 297.

Bailey, P. J. The doctrine of comparative negligence prevailing in this State, has been so often and so precisely defined, that it has been reduced to a definite formula which may be stated thus: A plaintiff, though guilty of negligence contributing to the injury complained of, may still recover, if his negligence is but slight, and that of the defendant gross in comparison therewith. In stating the rule to the jury in an instruction, no material element of this formula can be properly omitted. Where a plaintiff is guilty of contributory

negligence, before he can recover, it must appear, not only that his negligence is slight and that of the defendant gross, but that they are so when compared with each other. . The element of comparison is as indispensable to a proper statement of the rule as are the degrees of the negligence of the respective parties. As said by this court in Moody v. Peterson, 11 Bradwell, 180: "The doctrine of comparative negligence is founded upon the comparison of the negligence of the plaintiff with that of the defendant. This element of comparison is of the very essence of the rule." See, also, P. C. & St. L. R'y Co. v. Shannon, Id. 222.

In the case of G. & C. U. R. R. Co. v. Jacobs, 20 Ill. 478, where the doctrine was first announced in this State, it is said: "The true doctrine, therefore, we think is, that in proportion to the negligence of the defendant should be measured the degree of care required of the plaintiff; that is to say, the more gross the negligence manifested by the defendant, the less degree of care will be required of the plaintiff to enable him to recover, * * * and whenever it shall appear that the plaintiff's negligence is comparatively slight, and that of the defendant gross, he shall not be deprived of his action." In the numerous cases decided by the Supreme Court since the Jacobs case, in which an accurate statement of the rule has been attempted, the comparison has been made an essential element of the rule. Thus, in E. St. L. P. & P. Co. v. Hightower, 92 Ill. 139, it is said: "Where the plaintiff is guilty of contributory negligence, he can not recover, unless it appears that his negligence was slight, and that of the defendant gross in comparison with each other. Both terms must be stated to enable the jury to obtain a correct apprehension of the rule." See, also, I. C. R. R. Co. v. Hammer, 72 Ill. 347; C. B. & Q. R. R. Co. v. Harwood, 90 Id. 425; I. C. R. R. Co. v. Hammer, 85 Id. 526; Quinn v. Donovan, Id. 194; C. & N. W. R'y Co. v. Dimick, 96 Id. 42. In the very late case of C. B. & Q. R. R. Co. v. Johnson, 103 Id. 512, in which the doctrine of comparative negligence is reviewed, and its application restated and somewhat modified, the same rule is clearly recognized.

C. & E. I. R. R. Co. v. O'Connor.

It is apparent from what has been said that the plaintiff's third instruction was erroneous, in that it failed to institute a comparison of the plaintiff's negligence with that of the defendant, as required by the rule. The comparative negligence of the parties was one of the principal matters of controversy at the trial, and the jury should have been accurately instructed as to the law applicable to that subject. The error was therefore material.

The court also erred in modifying the defendant's first instruction. The instruction, as asked, was, in substance, that if the plaintiff did not exercise ordinary care, and as a result was injured, he could not recover, unless the acts of the defendant were so willfully and wantonly reckless, as to authorize the presumption of an intention to injure generally. This, we think, stated the law with substantial accuracy. As said by the Supreme Court in C. B. & Q. R. R. Co. v. Johnson, *supra:* "In order to authorize the plaintiff to recover on the ground of mere negligence, as distinguished from the willful tort of the defendant, it must appear that the party injured exercised ordinary care, such as a reasonably prudent person will always adopt for the security of his person and property, to avoid the injury complained of." Under this rule, it is immaterial whether the want of ordinary care is manifested at the time of or prior to the injury, provided it bears such proximate relation to the injury that it may be said, in a legal sense, to have caused or materially contributed to it. If a defendant therefore convicts a plaintiff of such want of ordinary care *at the time of* the injury, he is not bound, in order to establish his defense, to also show a want of ordinary care *prior* to the injury, and *vice versa*. By modifying the instruction, however, the court held that the defendant, in order to sustain this defense, was bound to show that the plaintiff failed to exercise ordinary care at the time of the injury *and* prior thereto. This, in effect, imposed upon him the burden of establishing two complete defenses in order to defeat one action.

For the errors above pointed out, the judgment will be reversed and the cause remanded.

Judgment reversed.