## UNION STOCK YARDS AND TRANSIT COMPANY

### v.

### PETER MONAGHAN.

1. REVERSAL OF JUDGMENT.—Where on appeal or writ of error prosecuted by the defendant below it appears from the bill of exceptions that the evidence was substantially conflicting upon any fact or facts indispensable to the plaintiff's right to recover, and error is assigned upon the giving instructions on behalf of the plaintiff, it is the duty of this court to reverse if the instructions are misleading because of their inaccuracy and lack of clearness.

2. INSTRUCTIONS—COMPARATIVE NEGLIGENCE.—The instruction for plaintiff is erroneous because it contains no hypothesis that plaintiff was in the exercise of ordinary care or diligence in the protection of his person from injury, and because there was no suggestion of a comparison of the negligence of plaintiff with that of the defendant's foreman.

3. DAMAGES.—To instruct the jury that if they found the defendant guilty "they should assess the plaintiff's damages at whatever sum the evidence will sanction" was error. The damages should be assessed at such sum as would be a just compensation to the plaintiff for the injury sustained as shown by the evidence.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed June 27, 1883.

This action was *case* brought by the appellee Monaghan against the appellant corporation, to recover for a personal injury to the former received by the sudden caving in of a bank of earth, while he, as the employe of appellant, was digging in the same, occasioned, as the plaintiff claimed, by reason of the negligence of appellant.

On the trial, under the general issue, the plaintiff himself gave testimony, and was corroborated by another witness, tending to show that the injury occurred by reason of the negligence of one Heaney, who was the foreman of a gang of men, all in the employment of appellant, and of which the plaintiff was one. But, in opposition to the facts on which that theory was based, the defendant introduced several witnesses, who directly contradicted the plaintiff and his witnesses, and who also gave testimony tending to show that the plaintiff was himself guilty of negligence which contributed to the injury complained of. The court, on behalf of the plaintiff, gave to the jury this instruction:

"If the jury believe from the evidence that Heaney, the foreman, was in charge of a gang of men, of which the plaintiff was one, and that said Heaney had the power to direct and order the men where they were to work, and how they were to work, just as the employer would, and that he, Heaney, in the conduct of such business, had the authority and exercised the right to hire, or discharge the men under him, and that said Heaney, if thus employed, and acting by the authority of the defendant corporation, directed the plaintiff to go to work undermining the bank in question, and that after said bank had been undermined some feet, the plaintiff asked said Heaney if the bank was not getting dangerous, while said Heaney was standing on top of bank, and that said Heaney told plaintiff that it was not, and to go on and dig it good and he would watch and give him notice, and that thereupon the plaintiff relied upon the assurance of said Heaney, and went to work again undermining, and that within a minute or immediately thereafter, said bank fell and injured plaintiff, and if the jury further believe from the evidence, in addition to the above, that the position of the said Heaney on said bank,

was one which afforded him better opportunity for knowing the danger, than that occupied by the plaintiff, and that the plaintiff was guilty of no negligence himself in so working, and if they believe from the evidence that said Heaney, if so authorized and constituted by the defendant, was guilty of negligence or indifference to the personal safety of plaintiff in so directing him to work, if he had so directed him, or in failing to properly notify him of the danger, if he did so fail, and if they believe from the evidence and circumstances proven, that the negligence of Heaney was gross in that respect, and that the negligence of the plaintiff, if any, was slight, then the jury will find the defendant guilty, and assess the plaintiff's damages at whatever sum the evidence will sanction."

The jury found the defendant guilty and assessed plaintiff's damages at two thousand dollars. Overruling the defendant's motion for a new trial, the court gave judgment for that sum, and defendant brings the case to this court by appeal.

Mr. Irus Coy, for appellant; as to a variance between the *allegata* and *probata*, cited 1 Chitty on Pleading (15 Am. ed.), 392; City of Bloomington v. Goodrich, 88 Ill. 558; City of Bloomington v. Read, 2 Bradwell, 542; L. S. & M. S. R. R. Co. v. Beam, 11 Bradwell, 215; Moss v. Johnson, 22 Ill. 633; I. C. R. R. Co. v. McKee, 43 Ill. 120.

When an employe has the same means of knowledge in relation to the danger of the work upon which he is employed, that the employer has, and does not object thereto, he can not sustain an action for an injury sustained thereby: Penn. Co. v. Lynch, 90 Ill. 334; Chicago & T. R. R. Co. v. Simmons, 11 Bradwell, 147; Priestly v. Fowler, 3 M. & W. 1; Dynam v. Leach, 40 Eng. L. & E. 491; Krag v. R. R. Co. 32 Ia. 357; Naylor v. C. & N. W. R'y Co. 53 Wis. 661; Shearman & Redfield on Negligence, 123, § 94; Frazier v. Penn. R. R. Co. 38 Penn. 104; Hughes v. W. & St. P. R. R. Co. 6 N. W. Rep. 553; Camp Pt. M'f'g Co. v. Ballou, 71 Ill. 552; Mich. Cen. R. R. Co. v. Austin, 10 Mich. 247; C. & N. W. R'y Co. v. Scheuring, 4 Bradwell, 541; Clark v. C. B. & Q. R. R.

Co. 92 Ill. 43; Hays v. Trans. Co. 3 Cushing, 270; Mad River & L. E. R. R. Co. v. Barber, 5 Ohio St. 541; Hayden v. Smithville M'f'g Co. 29 Conn. 549; Buzzell v. Laconia M'f'g Co. 48 Me. 113; Wright v. N. Y. C. R. R. Co. 25 N. Y. 564.

A master can not be made liable for an injury caused by a servant's own negligence or that of his fellow servant in the same line of business: Springfield Iron Co. v. Gould, 11 Bradwell, 439; Cooley on Torts, 541; I. C. R. R. Co. v. Case, 21 Ill. 23; C. & A. R. R. Co. v. Keefe, 47 Ill. 108; C. & A. R. R. Co. v. Murphy, 53 Ill. 336; Gartland v. Toledo, W. & W. R. R. Co. 67 Ill. 495; I. C. R. R. Co. v. Keen, 72 Ill. 512; T. W. & W. R. R. Co. v. Durkin, 76 Ill. 396; C. & A. R. R. Co. v. Rush, 84 Ill. 571; Wattey v. R'y Co. 85 Ill. 370; C. & N. W. R'y Co. v. Moranda, 93 Ill. 303.

To establish negligence the plaintiff must prove that the defendant undertook personally to superintend and direct the work, or that the persons employed for that purpose were not proper and competent persons: Honner v. I. C. R. R. Co. 15 Ill. 550; I. C. R. R. Co. v. Cox, 21 Ill. 24; C. & A. R. R. Co. v. Keefe, 47 Ill. 108; C. & A. R. R. Co. v. Murphy, 53 Ill. 336; C. C. & I. C. R. R. Co. v. Troesch, 68 Ill. 550.

The foreman of a gang of laborers is a fellow servant with the men under his control: Thompson on Negligence, 1028; Marshall v. Shricker, 63 Mo. 308; Daubert v. Pickle, 40 Mo. App. 590; Cum. Coal & Iron Co. v. Scalley, 27 Mo. 589; O'Conner v. Roberts, 120 Mass. 227; Albro v. Canal Co. 6 Cush. 75; Summersell v. Fish, 117 Mass. 312; Ziegler v. Day, 123 Mass. 152; McLeon v. Blue Pt. M. Co. 51 Cal. 255; Hamilton v. Iron M. R. R. Co. 4 Mo. App. 564; Weger v. Penn. R. R. Co. 55 Pa. St. 460; Halverson v. Nison, 3 Sawyer, 562; Malone v. Hathaway, 64 N. Y. 5; Bonn v. Maxwell, 6 Hill, 592; Sherman v. R. R. Co. 17 N. Y. 153; Hoppnagle v. N. Y. R. R. Co. 55 N. Y. 68; Murphy v. Smith, 19 C. B. (N. S.) 361; Howell v. Steel Co. L. R. 10, L. B. 62; Gallagher v. Piper, 16 C. B. (N. S.) 661.

As to instructions: Gibson v. Webster, 44 Ill. 483; Harriet v. Thompson, 46 Ill. 460; Bullock v. Narrott, 49 Ill. 62;

Bailey v. Godfrey, 54 Ill. 507; C. B. & Q. R. R. Co. v. Harwood, 90 Ill. 425; T. W. & W. R. R. Co. v. Moore, 77 Ill. 217; T. W. & W. R. R. Co. v. Asbury, 84 Ill. 429; St. L. & S. E. R. R. Co. v. Britz, 72 Ill. 256.

Messrs. HYNES, ENGLISH & DUNNE for appellee; that where the employer leaves everything in the hands of a middleman, reserving to himself no discretion, the middleman's negligence is the employer's negligence for which the latter is liable, cited 2 Thompson on Negligence, 1030; Stoddard v. St. L. etc. R. R. Co. 65 Mo. 514; Washburn v. Nashville, etc. R. R. Co. 3 Head, 638; Ramsey v. Quinn (Irish C. P. 1874), 4 Cent. L. J. 478; Brothers v. Cartler, 52 Mo. 372; Chapman v. Erie R. R. Co. 55 N. Y. 583; Kansas R. R. Co. v. Little, 19 Kan. 267; Walker v. Bolling, 22 Ala. 294.

A servant may recover although he knows of the risk of danger, if he acts in obedience to the master, and it is reasonably probable that the danger could be avoided by extraordinary caution: Patterson v. Pittsburg, etc. R. R. Co. 76 Penn. St. 389; Keegan v. Kavanaugh, 62 Mo.

Where the employer, by its foreman, entered into a special agreement with a servant to protect him from danger, the master is bound by such agreement: Bradley v. N. Y. C. R. R. Co. 62 N. Y. 99.

McALLISTER, J.    Where, on appeal or writ of error, prosecuted by the defendant below, it shall appear from the bill of exceptions that the evidence was substantially conflicting upon any fact or facts, indispensable to the plaintiff's right to recover, and error is assigned upon the giving instructions to the jury on behalf of the plaintiff, by the court below, then, if this court shall find that such instructions were calculated to mislead the jury, by reason of the want of reasonable perspicuity in their structure, or of the comprehension of material facts in their hypothesis, or the want of accuracy as respects points of law necessarily involved in the case, the law of the Supreme Court of this State, makes it our duty to reverse the judgment and award a new trial.

Union Stock Yards & Transit Co. v. Monaghan.

To say that the evidence in this record, as to several facts essential to the plaintiff's right of recovery, was *conflicting*, is to speak of that matter far more mildly and reservedly than we might be justified in doing.    Suffice it to say that, in our judgment, it is a clear case for the application of the rule in regard to the accuracy of instructions above indicated.

The instruction given for the plaintiff below was defective and inaccurate in several particulars.    First, it contains no hypothesis that the plaintiff was in the exercise of ordinary care or diligence in the protection of his person from injury at the time of the occurrence of such injury.    That the plaintiff was not entirely free from contributory negligence, is clear from the evidence beyond doubt.    That being so, it should have been submitted to the jury to determine whether he was in the exercise of ordinary care, for it was indispensable to recovery for the mere negligence of the defendant, in any point of view, that the plaintiff was in fact in the exercise of ordinary care to protect himself at the time the occurrence happened.    C. B. & Q. R. R. Co. v. Johnson, 103 Ill. 512, and cases there cited. No such proposition of fact was submitted, and then the court told the jury that " if they believed from the evidence and circumstances proven, that the negligence of Heaney was gross in that respect, and that the negligence of the plaintiff, if any, was slight, then the jury will find the defendant guilty, and assess the plaintiff's damages at whatever sum the evidence will sanction."

If the above was intended to be an announcement of the rule of comparative negligence, which obtains in this State, it was wanting in one of its essential requirements, because there was no suggestion of a comparison of the negligence of the plaintiff with that of Heaney.    Such comparison should have been required.    Sterling Bridge Co. v. Pearl, 80 Ill. 251; Railroad Co. v. Delaney, 82 Ill. 198; C. B. & Q. R. R. Co. v. Harwood, 90 Ill. 425; Wabash R. R. Co. v. Henks, 91 Ill. 406; East St. Louis Packing, etc. Co. v. Hightower, 92 Ill. 139; N. W. R'y Co. v. Dimick, 96 Ill. 42.    And the court still adheres to the formula of comparison in the late case of C. B. & Q. R. R. Co. v. Johnson, 103 Ill. 522, notwithstand-

ing it there defines the terms "slight" and "gross," as applied to negligence, and holds that neither of them admits of any comparison. It is not for us, being a subordinate court, to change or modify the rule, nor can we disregard a departure from it.

The instruction is erroneous, in that it does not expressly require the jury to find, as a fact, that the injury complained of was caused by the negligence of the defendant or its authorized servant.

We think, also, that the direction to the jury that if they found the defendant guilty, "they should assess the plaintiff's damages at whatever sum the evidence will sanction," was not proper, because it embodied no rule of damages, but left the whole subject to the unlimited discretion of the jury. It should have been at such sum as would be a just compensation to the plaintiff for the injury sustained, as shown by the evidence. For the error in giving that instruction, the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.