# Baltimore & O. S.-W. Ry. Co. v. John Derr, Adm'r, etc.

1. INSTRUCTIONS—*The Rule as to Accuracy.*—While it is true that there are many cases holding that an error in one instruction may be cured by a correct statement of the law in another, in a case which is close on the facts, the instructions, as a rule, should all state the law accurately.

2. SAME—*Inaccuracies in—When Cured by Other Instructions and When Fatal.*—The law is, that if an instruction is too broad, or too restrictive, or is doubtful, or leaves room for improper inferences, it may be cured by another instruction; but if given on a vital question, such as the exercise of care by the plaintiff suing for personal injuries, and the evidence is conflicting and doubtful, then it should be correct in itself, without reference to others in the series or to those of the opposite party.

3. ORDINARY CARE—*By the Plaintiff Essential in a Personal Injury Case.*—In a personal injury case, an instruction saying to the jury, "if you believe from the evidence in this case, if the defendant had complied with the law the accident would not have occurred, then you should find for the plaintiff," entirely omits the element of care on the part of the plaintiff, and is therefore erroneous.

**Trespass on the Case.**—Death from negligent act. Appeal from the Circuit Court of Lawrence County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the August term, 1896. Reversed and remanded. Opinion filed March 3, 1897.

PALMER, SHUTT & LESTER, attorneys for appellant.

GEE & BARNES, attorneys for appellee.

MR. PRESIDING JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellee recovered a judgment for damages on account of the death of his intestate, caused, as alleged, by the negligence of appellant; 1, in the improper operation of its train at a highway crossing; 2, in failing to give the statutory signal for such crossing, whereby said intestate was killed in attempting to pass over the same, while in the exercise of due care.

The accident occurred in the day time, in a collision with

a regular train, that was a few minutes behind time, at a country public crossing. There is no evidence of common law negligence in the operation of the train. The evidence, however, supports the averment of a failure to give the statutory signal. Giving full weight to the evidence favorable to appellee, the question, as to the exercise of due care and caution on the part of deceased, is close. In such cases the uniform rule in this State is, the instructions should be accurate. The law is that if one instruction is too broad —Chicago v. McDonough, 112 Ill. 85—or too restrictive— Belt v. People, 97 Ill. 461—or is doubtful—Latham v. Roach, 72 Ill. 179—or leaves room for improper inferences—Anderson v. Donaldson, 32 Ill. App. 404—it may be cured by another instruction; but if given on a vital question, as to the exercise of care—T. W. & W. Ry. Co. v. Larmon, 67 Ill. 68; Manufacturing Co. v. Ballou, 71 Ill. 417; Quinn v. Donovan, 85 Ill. 194; Wabash, St. L. & P. Ry. Co. v. Rector, 104 Ill. 296—or if the element of such case is not incorporated when it should be—C., B. & Q. R. R. Co. v. Harwood, 80 Ill. 88—or if given on the vital question of comparative negligence—C. & A. R. R. Co. v. Murray, 62 Ill. 326; Wabash R. R. Co. v. Henks, 91 Ill. 406—and the evidence is conflicting and doubtful, then each instruction should be correct in itself, without reference to others in the series or to those of the defendant.

The fifth instruction given for the plaintiff laid down the law that it was the duty of the defendant to give the statutory signal; " and if you believe in this case, from the evidence, if the defendant had complied with the law the accident would not have occurred, then you should find for the plaintiff." This instruction entirely omits the element of care on the part of deceased, without which there would be no liability, notwithstanding such neglect. In the Harwood case, *supra*, an instruction on the same point, omitting the element of care, was condemned, and on account thereof the cause was reversed, though there were other proper instructions as to care. The element of care is also omitted in the eighth instruction given for the plaintiff. It attempts

to state the doctrine of comparative negligence, which is no longer in force in this State—L. S. & M. S. Ry. Co. v. Hessions, Adm'x, 150 Ill. 546—and omits the element of care, which was essential in such a statement. C., B. & Q. R. R. Co. v. Johnson, Adm'r, 103 Ill. 512; City of Peoria v. Simpson, 110 Ill. 294. It also omits the element of comparison, which is the very essence of the rule of comparative negligence. C. & N. W. Ry. Co. v. Dimick, Adm'r, 96 Ill. 42; E. St. L., P. & P. Co. v. Hightower, 92 Ill. 139; Moody v. Peterson, 11 Ill. App. 180; Chicago & E. I. R. R. Co. v. O'Connor, 13 Ill. App. 62; Gardner v. C., R. I. & P. Ry. Co., 17 Ill. App. 262.

It is true there are a number of cases holding an error in one instruction is cured by a correct statement of the law in another, but where the case is close on the facts the rule stated is believed to be well established.

In the Dimick case, *supra*, on page 47, it is said: "Where a case is close in its facts, the instructions should all state the law accurately. The jury, not being judges of law, are as likely to follow a bad instruction as a good one."

For the errors indicated, the judgment is reversed and the cause remanded.