Treat, C. J. We c~ainot iftqthrè~ into~ the propriety of the decision of the Circuit Court refusing to grant á new trial. It does not affirmatively appear, as-it should" in order to present that- question, - that" all' of the material evidence is in the record. It - is stated in the conclusion of the bill of exceptions, that it contains' “'an outline of all the testimony in-the case.” ' This language does not imply, that all of the facts proved on the trial, and which may legitimately have been considered by the jury, are previously set-forth. It "is'not equivalent'to'the usual statement in a bill of exceptions, that it contains the substance of the -testimony-given bn the trial. Nor can we: inquire into 'the- correctness of the instructions complained of. The- record- furnishes no "evidence,' that' the defendant exceptéd to the giving of the "instructions. It remains to be considered, whether the-Court erred in excluding certain testimony offered ’ by the defendant. The ease showed,- that several persons raised crops in a common field surrounded by a defective fence. ' During the' season, brie of them erected an inside fence sufficient to protect the crops. In Se|> tember, the plaintiff purchased'eighteen acres of corn growing in the field; and, in November, the servants of the defendant removed a'portion of the inner fence, by means'bf which stock entered-into the field and destroyed the'corn. The action "was brought to:r'ecovér the valúe of the'corn thus'destroyed. The defendant offered-to prove, that the -plaintiff was bound to'keep the outside fehce in repair. We cannot perceive, how the admission of this testimony could have "beiiefitted"the defendant. The fact that-it was the duty of the plaintiff to keep the outer fencé in proper condition, did not justify the defendant in removing the inner bnO. Fo-r aught -appearing in the case, the plaintiff had an undoubted right to rely on the 'inside fence for the protection bf -his property-. The defendant proposed to prove, "in mitigation of damages, that the- plaintiff might, after the- taking away of the inner fence, .at a.small expense and by the-exercise of ordinary care, have saved his corn.. This evidence was. properly excluded. If the. fence;was. removed -by the- direction- of the defendant, he was responsible for all of the- consequences directly resulting from the act. . He .could not avoid-that-responsibility, by showing thab.the plaintiff failed to repair the breach that his servants .had committed... It was not a trifling- trespass* * as in the .case of the.opening.of a gate* which .the owner sees, open before any injury ensues, .and neglects ..-to close. The defendant also offered .to. prove,, the price-which the plaintiff-paid for the corn, at public, auction, two months, prior to its destruction. This testimony may not have been wholly irrelevant, but, we think, it had too remote a connection with, the real question in issue, to justify the reversal of the judgment, because of its exclusion. The corn w9s.stan.ding. in the field-when purchased by the plaintiff, but was cut and put in shock by Mm before it was destroyed. The- price .that, he paid for it, was .not, therefore, any just or certain criterion, of the value at the time:of its destruction. The defendant further, .proposed-to-;prove* that he had the. right to go upon Jbe field. Such, right, if it existed,■did not authorize him to remove the fence, or relieve him.from liability for the consequences. The gist of. the .action.;ivas -the ¡ removal of the fence, .not the entry on the close. The judgment of .the Circuit, Court, js.affirmed, with costs. Judgment qffvrrned. ■