THOMAS BAKER v. FRANKLIN J. ROBBINS.

TRESPASSES BY CATTLE; *Partition Fence.* Where two owners of adjoining
lands fence their lands in common—not building any partition fence
between them—but use their lands in severalty, each owner must take
care of his own cattle, and not permit them to wander from his own
premises upon the land of the other; and if he should permit them to so
wander he will be liable for all injuries they commit while on the land
of the other.

## *Error from Brown District Court.*

TRESPASS, brought by *Robbins* to recover damages for
injuries done to his growing crops by the cattle of *Baker.*
The case involves the rights and liabilities of occupants of
adjoining lands between whom there is no partition fence.
The material facts are stated in the opinion.  The alleged
injury was committed in December, 1870.  The evidence
showed that the lands of *Robbins* and *Baker* were inclosed
together, as one field; that *Robbins* had twenty acres of
growing wheat on his land, adjoining the land of *Baker;* that
a part of *Baker's* land was prairie which had been mowed
that fall, and on that portion adjoining *Robbins'* were corn-
stalks from which the corn had been gathered.  *Baker* turned 73
head of cattle into the inclosure, upon his own land, and they
wandered over the line, and destroyed *Robbins'* wheat.  In
his testimony *Baker* himself says: "I saw my cattle on *Rob-
bins'* wheat.  I made no effort to get them off.  I saw them
on it a dozen times, perhaps.  When *Robbins* told me he
wanted me to keep the cattle off, I told him I would not.
He said he would sue me.  I told him I would defend."  The
case was tried at the October Term 1871.  Verdict and judg-
ment for plaintiff for $37 damages.  New trial refused.
Defendant *Baker* brings the case here on error.

*W. W. Guthrie,* and *Lacock & Johnson,* for plaintiff in error:

1.  The statutes of Kansas have so far modified the common
law that the breaking of an invisible close is not a trespass
for which damages can be recovered.  Fence Law, ch. 40,

Gen. Stat., 486; art. 3, §§ 8, 16, 17; art. 4, §§ 26, 27, 33; page 1002, §§ 1, 2, 3. By these statutes the clear intent is, to require the land proprietor to keep cattle off his own premises, and not to require the owner of the cattle to keep them off. 5 Kas., 166, 191, 434. In the case at bar the parties within the common inclosure had neglected, or agreed not, to have partition fences. If by mutual neglect in this respect, then by the rulings in the above cases plaintiff cannot recover. If there was an agreement to keep up, or as to the proportions and terms of mutual enjoyment of the close, the remedy is upon the agreement and not in trespass. There is no evidence that Baker drove his cattle onto Robbins' wheat, or that he was more willful or even negligent than the others using the same field; hence, Robbins had no cause of action, and a new trial should have been granted. 9 Wis., 202; 18 id., 331; 6 Hill, 592.

That under a fence law similar to ours trespass will not lie, unless where stock breaks through a legal fence—see *Seely v. Peters*, 5 Gilm., 130, a very full review of authorities; 13 Maine, 371; 39 Ill., 186; 43 id., 450.; 45 id., 78. In *Stoner v. Shuigart*, 45 Ill., 78, it is said that if cattle break through the fence of one commoner, and thence stray onto the land of another, the latter cannot recover, even though the animals are owned by the defendant. Now there is no pretense that Baker removed the partition fence in violation of either positive law or covenant; and if his cattle strayed into adjoining close, where both proprietors have neglected to erect a partition fence, within the principle of these cases, and of *Larkin v. Taylor*, 5 Kas., 434, there can be no recovery. And see *Gregg v. Gregg*, 55 Penn. St., 227, a case directly in point, where a statute similar to ours is held to change the common-law rule.

2. Persons occupying a legal close in common must in legal presumption have reciprocally licensed each other to the same extent in the enjoyment thereof; and an abuse of such license does not make the acts trespasses *ab initio*. 1 Smith's, L. Cases, 216. Trespass does not lie for a nonfeasance:

1 Chitty Pl., 166. Again, a man is not guilty of such gross negligence as to become a willful trespasser, if he permits his cattle to remain on his own premises, where feed is scant, and an insufficient fence separates his lands from an adjoining field of abundance, if his cattle should break through. A man certainly has as much right to turn his cattle into his own field as he has to turn them into the highway.

*D. M. Johnson, J. D. Hill,* and *W. D. Webb,* for defendant in error:

1. Parker turned his cattle into the common inclosure, knowing that they would wander over onto Robbins' land, and he is liable for the damages committed by them. 13 Minn., 234; Sher. & Redf. on Neg., § 315. *Gregg v. Gregg,* 55 Pa. St., 227, cited by plaintiff in error is not in point. The jury there found the plaintiff "had no fence around his field of growing oats, for its protection, it being open to a public road; that the defendant allowed his cattle to run at large, and that they entered the oat-field where there was no fence." In the case at bar plaintiff in error did not let his cattle "run at large," but *drove* them into "this field," which was inclosed.

2. If Robbins were bound to fence at all, he was only bound to fence against cattle in the highway. If Baker turned his cattle onto his land and they passed over onto ours, we could maintain trespass. The inclosing of the two farms by uniting the outside line fences did not give either party a license to turn his cattle loose so that they could graze or depasture upon the lands or crops of the other. Each was bound to keep his cattle on his own premises. 1 Chitty Pl., 82, 83. Robbins was not bound to erect or contribute to a partition fence until Baker gave notice that he wanted such fence. Ch. 40, § 17, Gen. Stat. And see 13 Pick., 384; 10 Mass., 125; 7 Wis., 322; 9 id., 202; 2 Greenl. Ev., §§ 270, 272.

The opinion of the court was delivered by

VALENTINE, J.: There is but one question of law to be

decided in this case; and the most favorable statement of facts that can be made for the plaintiff in error so as to present that question of law is as follows: Baker and Robbins owned adjoining farms, fenced in common—no partition fence having been made between them, though they used their farms in severalty. Baker turned a herd of cattle righfully upon his own premises, without the consent of Robbins however, and knowingly permitted them to wander upon the premises of Robbins and do great injury to a crop of wheat. Robbins sued Baker, and the only question for us to determine is, whether Baker is liable for said injury. We think he is. We suppose that it is settled beyond all controversy, that at common law the owner of cattle was required to take care of them, and not allow them to stray or wander upon the land of another, whether such land was fenced or not; and if he did allow his cattle to so stray or wander he was liable for all injuries they might commit. Now, as the common law has been adopted in this state by statutory enactment, we suppose it must necessarily follow that every owner of cattle must take care of them or be liable for all injuries they may commit by roaming on the land of another, except where the statutes elsewhere and otherwise provide. We have statutes that provide for erecting and maintaining partition fences: Gen. Stat., 488, 492, articles 3 and 4. And where either party chooses to build and maintain partition fences under these statutes probably the statutes are the measure of his rights, remedies, and liabilities. But where both parties choose to do otherwise than to build and maintain a partition fence under the statutes the common law must govern. The statutes do not require the parties to build partition fences. They may otherwise agree if they choose: Gen. Stat., 488, §8; and where they agree that they will not build any partition fence, as it must be presumed was the present case, the rights, remedies and liabilities of the parties must be governed by the common law. The parties in this case fenced their fields in common, and neither ever attempted to· build or have built a partition fence. We would refer to the following

authorities: *Myers v. Dodd*, 9 Ind., 290; *Johnson v. Wing*, 3 Mich., 163; *Henderson v. Rust*, 39 Ill., 186; *McCormick v. Tate*, 20 Ill., 334, 338; *Buckmaster v. Cool*, 12 Ill., 74; *Stoner v. Shugart*, 45 Ill., 78; *Rust v. Low*, 6 Mass., 91, 101; *Little v. Lathrop*, 5 Me., 356.

Authorities with reference to cattle *running at large upon open and uninclosed lands*, and from there wandering upon the lands of others, cannot of course have any application to this case. Nor can authorities concerning statutes or fence laws which differ from ours, have any application to this case.

If we have failed to consider any point which counsel have desired us to consider we would refer to Rule 2 of the supreme court, (5 Kas., 9; 6 Kas., 11,) as a sufficient reason for the omission. We have considered and decided the main question in the case, although counsel have not referred us to a single page of the record. The judgment of the court below is affirmed.

All the Justices concurring.