## C. A. FILLMORE v. JOSEPH BOOTH.

STOCK, *Damages by; Owner, When not Liable.* Where the owner of stock turns them into a field owned and occupied by him, and the stock pass or wander out of the field and run at large upon a small parcel of land not cultivated, occupied or used by him, and from there break into the premises of another through a defective and insufficient fence, the owner of the stock is not liable for the damages committed by them.

### *Error from Osage District Court.*

ACTION by *Fillmore* against *Booth,* to recover $50 for damages to plaintiff's grain, done by defendant's cattle and horses. At the April Term, 1882, the court sustained a demurrer to plaintiff's evidence, and rendered judgment against plaintiff for costs. *Fillmore* brings the case here. Other facts are stated in the opinion.

*Vandeventer & Martin,* for plaintiff in error.

*Ellis Lewis,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the trial of this case the district court sustained a demurrer to the evidence of the plaintiff, upon the ground that his field was not properly protected by a legal or sufficient fence. If a court is satisfied that, conceding all the inferences which a jury could justifiably draw from the evidence offered by the plaintiff, it is insufficient to warrant a verdict for him, the court has the right to sustain a demurrer thereto. The most that can be said from the evidence is, that the defendant turned his cattle into his own field, and that they strayed or wandered over upon a little neck of land east of his field, and thereby in running at large upon said neck of land wandered or entered from thence upon the land of the plaintiff. The evidence does not tend to show that the defendant cultivated or occupied the land where the fence was defective. His grantor denied he owned this portion of

the premises, and plaintiff attempted to sustain occupation or use thereof on the part of the defendant, by his statement that "this occupation of the little neck of land by defendant consisted only of his turning his stock on the land described as the west half of the northwest quarter of section number fourteen, at the west side of the quarter-section, and letting them roam therein at will, and from the fact that there was no fence line north of the oak tree from the partition fence (so called) as built to the Marais des Cygnes river to exclude cattle from going out while upon the little neck of land." The fields, according to the fair inference of the testimony, extended only to the oak tree near the so-called partition fence, and did not include the land where said fence was defective and out of repair. If there was no fence from the oak tree to the Marais des Cygnes river as testified to, then defendant by turning his stock into an uninclosed field merely turned them out to run at large upon open and uninclosed land. Under these circumstances, all that can be said is, that after the cattle had been turned by the defendant into his own field, they passed or wandered out upon land not occupied or improved by him, and from thence they entered upon the premises of the plaintiff through a defective fence, which it was not the duty of the defendant to maintain or repair; so it is the same as if the defendant's cattle, running at large upon open and uninclosed land, had broken into the premises of plaintiff at a place where there was an insufficient fence. Upon the facts testified to, plaintiff did not bring himself within the authority of *Baker v. Robbins,* 9 Kas. 303, and the question of maintaining or repairing the partition fence is not before us, as defendant did not occupy or improve the little neck of land where said fence was located.

The judgment of the district court will be affirmed.

All the Justices concurring.