## CHARLES GARDNER

### v.

## CHICAGO, ROCK ISLAND & PACIFIC RY. CO.

1. BILL OF EXCEPTIONS.—A recital at the close of a bill of exceptions that "the foregoing constitutes the substance of all the evidence introduced by the parties on the trial of said cause," is regarded as equivalent to a recital that it contains all the evidence.

2. EVIDENCE OF HABITS OF DECEASED.—Evidence of the habits of the deceased introduced in order to raise a presumption of the exercise of due care is admissible for that purpose only when no one was present or knew how the accident occurred.

3. IMPEACHMENT OF WITNESS.—Where a document purporting to be a party's evidence at the coroner's inquest was offered as impeaching evidence and it was not materially in conflict with the evidence just given, and no proper foundation was laid for its introduction, it was properly rejected.

4. INSTRUCTIONS—NEGLIGENCE.—Before the rule of comparative negligence can have any application it must appear that the plaintiff exercised ordinary care and that the defendant was guilty of gross negligence.

ERROR to the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding. Opinion filed December 16, 1885.

Mr. F. W. BECKER, for plaintiff in error.

Messrs. THOS. F. WITHROW and JAMES C. HUTCHINS, for defendant in error.

BAILEY P. J. This was an action on the case, brought by

Charles Gardner against the Chicago, Rock Island & Pacific Railway Company, to recover the value of a span of horses killed, and a wagon, hay rack and harnesses destroyed, by a collision with a train of cars on the defendant's railway. A trial before the court and a jury resulted in a verdict and judgment for the defendant, and the plaintiff brings the record here by writ of error.

It is insisted by counsel for the defendant in error, that the bill of exceptions does not purport to contain all the evidence. In this we think they are in error. The recital in the bill of exceptions at the close of the evidence is as follows: "The foregoing constitutes the substance of all the evidence introduced by the parties on the trial of said cause." This seems to be regarded as equivalent to a recital that it contains all the evidence. Buckmaster v. Cool, 12 Ill. 74; Love v. Moynehan, 16 Id. 278.

The collision in question occurred at a railway crossing over a public highway, and the negligence charged in the declaration, in respect to which there seems to have been any material controversy at the trial, was a failure to ring a bell or sound a whistle for eighty rods before reaching the crossing, and running the train at a high and dangerous rate of speed. On these points the evidence is conflicting. We do not understand the counsel for the plaintiff to urge a reversal of the judgment on the ground that the evidence does not support the verdict, but merely on account of certain errors which, as he claims, occurred in the rulings of the court in the progress of the trial.

The collision took place early in the evening, and there is evidence tending to show that it was somewhat dark at the time. The plaintiff's servant, who was in charge of the team, was killed, and no witness saw the accident except the driver of another team, who, at that time, was about thirty feet in the rear. Under these circumstances, counsel for the plaintiff asked several witnesses what were the habits of the deceased as to carefulness and sobriety, which questions, on the objection of the defendant, were excluded by the court.

The only authority to which we are referred which sustains

the admission of evidence of the habits of the deceased, in order to raise a presumption of the exercise of due care, is Chi., R. I. & P. Ry. Co. v. Clark, 108 Ill. 113, and it is there held that such evidence in admissible for that purpose where no one was present or knew how the accident occurred; but where there are witnesses who saw the transaction, such evidence is not admissible. In this case a witness, who was called and examined, testified not only that he was within a few feet of, and saw the deceased at and immediately before the accident, but had been in his company for a considerable time prior thereto. It is clear, then, that this case does not come within the rule laid down in the case above cited, and that the evidence was properly excluded.

The engineer, after being examined as to the speed of the train and the circumstances of the accident, was asked whether he did not make certain other statements in his testimony before the coroner, to which he replied that he did not remember. He was also shown the signature to a document purporting to be his evidence before the coroner, and admitted the signature to be his. Said document was afterward offered as impeaching evidence and excluded. We think it was properly excluded, for the reason, first, that it was not materially in conflict with the evidence which he had just given at the trial, and secondly, that no proper foundation was laid for its introduction. The questions as to his former testimony did not embody either the language or the substance of his testimony before the coroner, and the document by which he was sought to be impeached was not shown to him, so as to give him time or opportunity to examine its contents. 1 Wharton on Ev- § 68; 1 Greenl. on Ev. § 463.

It is claimed that the court erred in refusing to give to the jury an instruction asked by the plaintiff upon the rule in relation to comparative negligence, and that for such error the judgment should be reversed. That instruction was as follows:

"Even if the jury believe from the evidence that the plaintiff or his servant in charge of said horses, harness and wagon at the time of the injury, were guilty of slight negligence, stil

Gardner v. C., R. I. & P. Ry. Co.

if it appears from the evidence that their negligence was slight, while that of the defendant or its servants was gross in comparison, thereby causing the injury complained of in the declaration, they should find for the plaintiff."

Without attempting to determine whether this instruction stated the rule of law in relation to comparative negligence with accuracy, or whether the evidence was such as to warrant the giving of an instruction on that subject, we think the error in refusing to give it was without prejudice to the plaintiff. The court gave for the plaintiff, and the jury, as we must presume, duly considered the following instruction:

"If the jury believe, from the evidence in this case, that the plaintiff's horses, harness and wagon were injured by defendant or his agents, by negligence as charged in the declaration, and that the servant in charge of said horses, harness and wagon used due and ordinary care in managing the same, and to avoid the injury, they will find for the plaintiff."

By this instruction two questions of fact were submitted to the jury, viz.: whether the defendant was guilty of negligence contributing to the injury, and whether the plaintiff exercised ordinary care. As the jury were instructed that upon finding both these issues for the plaintiff the verdict should be in his favor, and as their verdict was for the defendant, it follows necessarily that they found one or the other of these issues adversely to the plaintiff. They must have found either that the defendant was not guilty of negligence, or that the plaintiff failed to exercise ordinary care. Either of these facts being established, the rule of comparative negligence had no application. Before that rule can apply it must appear that the plaintiff exercised ordinary care, and that the defendant was guilty of negligence, and that such negligence was gross. It follows that the finding of the jury, under the instruction given, was such as to exclude the application of the rule, and therefore that the plaintiff was in no way prejudiced by the refusal of an instruction on that subject.

As we find no material error in the record, the judgment will be affirmed.

Judgment affirmed.