Chicago, B. & Q. R. R. Co. v. Anna M. Gunderson, Adm'x, etc.

1. EVIDENCE—*Habits of a Deceased Person.*—In action to recover damages for a death resulting from the negligence of another, evidence as to the general habits of the deceased, in reference to his being careful or careless, can only be admitted when there was no witness who saw the deceased at the time he was killed, as a matter of necessity in the absence of better proof.

2. CONTRIBUTORY NEGLIGENCE—*Prevents a Recovery.*—The fact that a railroad train was run within the limits of a city at a speed exceeding that allowed by the ordinance, is an act of negligence, but if a person injured by such train is himself guilty of contributory negligence, he can not recover.

3. DAMAGES—*$5,000 Excessive.*—A verdict of $5,000 for the death of a person sixty-five years of age, a shoemaker by occupation, and leaving a widow and several children, the youngest of whom was a daughter nineteen years old, is excessive.

**Trespass on the Case.**—Death the result of negligence. Appeal from the Circuit Court of La Salle County: the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the December term, 1895. Reversed and remanded. Opinion filed June 1, 1896.

SAMUEL RICHOLSON, attorney for appellant; O. F. PRICE, of counsel.

HENRY W. JOHNSON and McDOUGAL & CHAPMAN, attorneys for appellee.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

The appellee, administrator of the estate of George Gunderson, deceased, who, in his lifetime, was her husband, brought suit under the statute against appellant, for damages done her and his and her children, for wrongfully killing the deceased by negligently running over him with its engine and train of cars, at a railroad crossing in the village of Leland, in said county of La Salle, on the 19th day of September, 1893.

The deceased, besides the appellee, his widow, left surviving him his children and heirs at law, Gustavus, Frank, Simon, George, Caroline, Jameson and Josephine Gunderson. George and Josephine were minors, and Simon was living at home with his father and mother. The deceased was a shoemaker, and had been engaged in that business between thirty-five and forty years. Out of this business he supported his family. The age of deceased was sixty-five years, and his health was fair; George Gunderson was about twenty-two and Josephine about nineteen years of age. These were their ages at the time of the trial. They were minors at the time of their father's death and the other heirs were older. The acts of negligence charged against appellant were the running of its train through the village of Leland at a rate of speed at over ten miles per hour, a greater rate than was allowed by the village ordinances of said village, and not ringing a bell or sounding a whistle, as required by statute, running at an unreasonably

high rate of speed, and in not keeping a flagman at the crossings, etc.

The case was tried by a jury, which returned a verdict of $5,000 for appellee, upon which judgment was rendered in favor of appellee.

From this judgment this appeal is taken.

The fact as to the point made by appellant, whether the deceased was guilty or not of contributory negligence, was one of the main contests on the trial and was close on the evidence.

The appellant was negligent in running its train through the village at a greater rate of speed than allowed by its ordinances, and in violating Sec. 87 of Chap. 114, R. S., entitled " Railroads and Warehouses," which statute subjects the railroad violating said section to the payment of all damages done to the person aggrieved or to his property by the train, locomotive or car, and the same shall have been presumed " to have been done by the negligence of the said corporation or their agents."

Yet it may be shown that the person injured was himself guilty of contributory negligence, and if such fact be shown he can not recover.

Witnesses were asked as to the deceased's general habits in reference to his being careful or careless, and were allowed to answer, against the objections and exception of appellant, that deceased was " a careful man." This was asked of Annie Simonson and other witnesses, against similar objection.

The admission of this class of evidence is assigned for error. Such evidence can only be admitted when there was no eye witness who saw the deceased at the time of the accident. The evidence of Annie Simonson was, that she saw deceased just before the accident waiting at the crossing for the freight train to pass, and she saw the fast train coming. When she saw the light she was afraid he didn't notice the train.

The circumstances of the two trains passing just at that time, and that Gunderson was standing at the crossing waiting, was clearly shown, and that he was at that time struck.

The . jury could judge from all these circumstances whether it was negligence for deceased to walk or stand on either of the railroad tracks at the time.

This class of evidence is an exception to the general rule, and is only. admissible as a matter of necessity in the absence of better proof, as clearly appears from the holding of the Supreme Court. C., R. I. & P. Ry. Co. v. Clark, 108 Ill. 113; Gardner v. C., R. I. & P. Ry. Co., 17 Ill. App. 262; The T., St. L. & K. C. R. R. Co. v. Bailey, 145 Ill. 159. The evidence was inadmissible.

We see no error in appellee's instructions as to the measure of damages (City R. R. Co. v. Brodie, 156 Ill. 317), and there appears to be no serious error in the instructions.

We think the jury was fully instructed on the part of appellee without reference to those refused, which were properly refused, and no harm in the modifications.

We are of opinion the damages are excessive. The deceased was well along in years and his income could not have been large from the occupation he pursued. For the errors indicated, the judgment is reversed and the cause remanded.