## Chicago, B. & Q. R. R. Co. v. Anna M. Gunderson, Adm'x, etc.

1. NEGLIGENCE—*Unlawful Speed of Trains.*—When the fact is shown that a railroad company at the time of an accident was running its trains at a rate of speed prohibited by law, a *prima facie* liability is established, and in the absence of proof rebutting the statutory presumption, it becomes conclusive.

2. SAME—*Exercise of Ordinary Care—Burden of Proof.*—In an action by a personal representative to recover damages for the death of a person by negligence, the burden of proof is upon the plaintiff to show that at the time of the accident the deceased was in the exercise of ordinary care to avoid injury, and unless such fact appears from the evidence, there can be no recovery.

3. SAME—*What is, a Question for the Jury.*—What is, or is not negligence, is a question of fact for the jury.

4. ORDINARY CARE—*In Perilous Positions.*—There can be no rule of law as to what a person is bound to do for his own protection when in a position of peril. What a reasonably prudent person would do under such circumstances must be left to the jury as a question of fact.

**Trespass on the Case.**—Death from negligent act. Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the December term, 1897. Affirmed. Opinion filed February 28, 1898.

SAMUEL RICHOLSON, attorney for appellant.

HENRY W. JOHNSON and McDOUGALL & CHAPMAN, attorneys for appellee.

In determining whether or not a plaintiff is negligent, the jury may take into consideration, with other facts, the instincts and presumptions which naturally lead men to avoid injury and preserve their own lives. Chicago City Ry. Co. v. Dinsmore, 62 Ill. App. 473; Illinois Cent. R. R. Co. v. Nowicki, 46 Ill. App. 566; Illinois Cent. R. R. Co. v. Pummill, 58 Ill. App. 83; Baltimore & O. S. W. R. R. Co. v. Then, 59 Ill. App. 561; Broadbent v. Chicago & G. T. Ry. Co., 64 Ill. App. 231; Chicago & N. W. R. R. Co. v. Jackson, 55 Ill. 492.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

Appellee sued appellant in an action on the case for causing the death, by alleged negligence, of George Gunderson, the intestate and husband of appellee. The cause was before this court at a former term, when a judgment against appellant for $5,000 was then reversed and the cause remanded to the Circuit Court for a new trial (65 Ill. App. 638). The last trial resulted in a verdict and judgment against appellant for $2,500, from which the present appeal is prosecuted, and a reversal of the judgment sought for various errors assigned upon the record, chief among which is the admission by the court of improper evidence; the verdict is against the evidence, and the court gave improper, and refused and modified proper instructions to the jury.

The deceased was killed by a passenger train of appellant at the crossing of its road with Main street, in the village of Leland, about eight o'clock on the evening of September 19, 1893. From the evidence, it appears on the evening in question the deceased was sitting at the store of a friend situated about ten rods north of the railroad and on the west side of Main street, and from there started to go to his home in the village, and to do this was required to cross the railroad, which crossed the street east and west with double tracks; at the time he started from the store toward the railroad a freight train was passing on the south track going east over the crossing; deceased was seen to approach the crossing

and stand on the sidewalk while the freight train was pass-
ing, and just as the caboose, the last car in the freight
train, reached the crossing, a fast passenger train from the
east on the north track, struck the crossing; no eye witness
saw the passenger train strike the deceased, the last seen of
him alive being while he was standing on the sidewalk
when the freight train was passing; his dead body was found
soon after, nearly ninety feet west of the crossing, lying
between the tracks.   At this time the ordinances of the vil-
lage of Leland prohibited a greater rate of speed than ten
miles an hour for trains in the village, and it was not suc-
cessfully disputed on the trial, the passenger train was run-
ning at a far greater speed when the accident occurred.
There can be no reasonable doubt from the evidence that
deceased was killed by the west bound passenger train while
he was attempting to cross the tracks, just as the freight
train, in the opposite direction, was clearing the crossing.

Section 24 of the railroad act, by which the ordinance in
question was authorized, provides in substance, that whenever
any railroad corporation shall run any train at a greater rate
of speed in the incorporated limits of any village than is
permitted by ordinance of such village, the corporation shall
be liable to the person aggrieved for all damages done to
the person by such train, and the same shall be presumed
to have been done by the negligence of the corporation or
agents.   The unlawful speed of the train and the injury
being established by the evidence, as we think they clearly
were, raised the *prima facie* liability of the appellant for
the death of the appellee's intestate, and in the absence of
proof rebutting the statutory presumption, it would become
conclusive.   The evidence in the case falls short of over-
coming this presumption, unless it proves contributory
negligence on the part of the deceased, and thus we come
to the principal question of fact to be considered and deter-
mined in the case.

The rule of law is now too well established to admit of
cavil or evasion, that the burden of proof is upon the plaint-
iff to aver and prove affirmatively, that her intestate was in

C., B. & Q. R. R. Co. v. Gunderson.

the exercise of ordinary care to avoid injury at the time of the accident, and unless such fact appears from the evidence, she can not recover. What is or is not ordinary care is a relative question, to be decided by the facts in each particular case.

The crossing being a public highway the deceased had a lawful right to be upon any part of it. He had the right to suppose the appellant would run its train within the corporate limits of the village, at no greater rate of speed than the ordinance permitted. He must be held to the same conduct, under the circumstances shown by the evidence, as would be attributed to a reasonable and ordinarily prudent man, in the possession and use of the faculties common to mankind. An ordinary man, in like situation, we think, would have had his attention engaged first with the passing freight train; next he would have noticed the approaching passenger train, and mentally estimated the time and distance that remained for it to reach the place he was about to cross the tracks, supposing, as he had the right, the speed was no greater than allowed by law; then his eyes, attention, and probably his steps, would be directed toward the caboose that was then clearing the crossing. At this time the unlawful rate of speed of the approaching train, not thought of or estimated, has suddenly and unexpectedly overtaken him. It is reasonable to conclude, from the evidence, the speed of the train was at least thirty miles an hour at the time of the accident, and the inference is reasonable, if the rate had been reduced two-thirds, the deceased would have had sufficient time to cross the track without danger, before the arrival of the train by which he was killed. We think these conclusions are fair and reasonable from all the evidence, and the jury were at liberty to infer ordinary care and diligence on the part of the deceased from all the circumstances in the case. To hold otherwise would be, in effect, to presume negligence on the part of one, in excuse of negligence on the part of another. Illinois C. R. R. Co. v. Nowicki, 148 Ill. 29, and cases cited; Chicago & N. W. R. R. Co. v. Hansen, 166 Ill. 623.

It is our opinion the verdict is supported by the evidence.

We have carefully examined the complaints of counsel for appellant concerning the rulings of the court as to the admission of evidence, and find no material or harmful errors in that respect.

Exception is taken by counsel for appellant to the instructions given to the jury by the court, at the instance of appellee. We have examined the instructions in view of the objections pointed out to them, and while the instructions may not be absolutely perfect in all respects, we think they, fairly apply the law to the evidence in the case. The first and second instructions are more particularly objected to because they do not confine the recovery for the death of Gunderson to the pecuniary loss caused to the next of kin. These instructions do not assume to give any guide for the measure of damages, but direct the jury only concerning the negligence of the parties and other issues in the declaration, it being reserved for the third instruction to state the rule as to the measure of damages, wherein we think the law is correctly stated, confining the recovery to pecuniary loss only, wherefore, it also is not justly subject to the criticism put upon it.

There was no error in the modification of appellant's instructions; for those given as modified, together with others given as requested, considered together, fairly and fully present the law applicable to all phases of the evidence in the case as favorably to appellant as its rights could demand, and all that was proper in the refused was contained in the given instructions.

It is especially contended the court erred in refusing to give to the jury the seventh instruction, as requested by appellant, in which the court was asked to say to the jury, as a matter of law, that a person going upon a railroad "must look both ways; listen for trains and avoid being injured by them, if he can do so by the exercise of reasonable care and caution." The court so modified the instruction, and gave it as modified, that it read, in place of the above quoted words, "must exercise reasonable and ordi-

nary care to avoid being injured by them." The case of Illinois C. R. R. Co. v. Goddard, 72 Ill. 567, is relied upon by counsel for appellant as authority for the instruction as requested, and it is earnestly insisted the instruction should have been given, and that it was reversible error to have refused it.

In the later cases, since the Goddard case, the tendency of the decisions has been to the effect that what is or is not negligence is a question of fact for the jury, and it is improper to state such matter in an instruction. Louisville, N. A. & C. Ry. Co. v. Patchen, 167 Ill. 204, and cases cited.

·In Chicago &·N. W. Ry. Co. v. Hansen, 166 Ill. 623, it is said: "And formerly this court, in passing upon questions both of law and fact, frequently prescribed that same duty (to look and listen), but it has since been repeatedly held that it can not be said, as a matter of law, that a traveler is bound to look or listen, because there may be various modifying circumstances excusing him from so doing. * * * It seems to us impossible that there should be a rule of law as to what particular thing a person is bound to do for his protection in the diversity of cases that constantly arise, and the question what a reasonably prudent person would do for his own safety under the circumstances must be left to the jury as one of fact."

In Partlow v. Illinois C. R. R. Co., 150 Ill. 321, the court say: "It has often been said by this and other courts that it is the duty of a person approaching a railroad crossing to look and listen before attempting to cross, and that a person failing to observe this precaution is guilty of negligence; but when the statement has been made, the court, as a general rule, was discussing a question of fact, and in such case the statement may be regarded as accurate. But the court can not say, as a matter of law, that the failure to look and listen is negligence. These facts are proper for the consideration of the jury in determining whether a person has been negligent, but it can not be said as a matter of law that the failure to observe such acts is negligence." Citing Chicago & N. W. R. R. Co. v. Dunlavy, 129 Ill. 132; Terre

362        APPELLATE COURTS OF ILLINOIS.

VOL. 74.] Cream City Mirror Plate Co. v. Swedish B. & L. Ass'n.

H. & I. R. R. Co. v. Voeker, 129 Ill. 540; Chicago, M. & St. P. Ry. Co. v. Wilson, 133 Id. 60.

It follows, therefore, the instruction was properly refused, and correctly given as modified.

From all the evidence we are not of the opinion the damages are excessive.

Finding no material error in the record the judgment of the Circuit Court will be affirmed.