The Chicago and Eastern Illinois Railroad Co. *et al.*

*v.*

Dominick Coggins.

*Opinion filed October 24, 1904—Rehearing denied December 7, 1904.*

1. Appeals and errors—*point not made in Appellate Court can not be considered.* A point not made in the Appellate Court on appeal in a suit at law cannot be considered when urged in the Supreme Court on further appeal.

2. Instructions—*an instruction should not emphasize particular facts.* An instruction in an action for injuries received at a crossing accident, which requires the jury to find that the plaintiff used due care "to ascertain whether any train was approaching *from the north,*" is erroneous as emphasizing that particular fact, and is properly modified by requiring them to find that he used ordinary care for his own safety.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Philip Stein, Judge, presiding.

This was an action on the case, brought in the superior court of Cook county on October 20, 1899, by Dominick Coggins, appellee, against the Chicago and Eastern Illinois

212—24

Railroad Company and the Chicago and Western Indiana Railroad Company, the appellants, to recover for personal injuries received by Coggins from being struck by a locomotive attached to a train of cars and belonging to and operated by the first above named railroad company. The track on which the engine and cars were being run at the time of the injury belonged to the last above named railroad company, and it was made a defendant on the theory that it was liable for the injury because it was the lessor of the company whose engine and cars inflicted that injury.

The accident occurred at the intersection of Root street, an east and west street in Chicago, with the railroad track above referred to. There are also a number of other parallel railroad tracks at this place, running north and south. The three eastern tracks are known as the Pennsylvania tracks. Immediately west of them are the tracks of the Chicago and Western Indiana Railroad Company, referred to as the Indiana tracks. These are four in number. The one farthest east is used for north-bound passenger trains, the one next west for south-bound passenger trains and the other two for freight trains. West of these Indiana tracks are the Wabash tracks, there being four or five of them. An ordinary railroad gate is located immediately west of the Indiana tracks, being between those tracks and the Wabash tracks. The same kind of gate is also located immediately east of the Pennsylvania tracks. The entire surface of Root street at this intersection is covered with planks. There are also sidewalks on the north and south sides of the street crossing the tracks. There is no depot or ticket office there and no tickets are sold from that point. About 600 feet north of Root street there is a surface crossing with the tracks of another railroad. This again occurs at a point 937 feet north of Root street. The evidence tends to show that all north-bound passenger trains running on the Indiana tracks stop at Root street and take on and discharge passengers, but that south-bound trains do not stop there. The

testimony of appellants was to the effect that the north-bound trains stopped at this point on account of the two crossings with the tracks north, which are above referred to, and not for the purpose of receiving or discharging passengers; that no signals were there given by any member of the train crew to the engineer to start the train, and that when persons did get on there fares were collected from the last preceding station to the destination of the passenger.

The evidence tends to show that on the morning of September 9, 1899, appellee left Flanley's Empire House, where he was working, to go to the Polk street depot to meet his sister-in-law, who was expected to arrive on a train about 7:30 o'clock that morning. He rode on a street car going east until he reached the railroad tracks above mentioned. He then saw a north-bound passenger train, belonging to the Chicago and Eastern Illinois Railroad Company, standing across Root street, the engine being north and the last coach south of that street. He left the street car and walked across the Wabash tracks in a south-easterly direction until he came to the south sidewalk, and then proceeded east on that sidewalk across the two freight tracks of the Indiana Railroad Company. While crossing the third track from the west, a south-bound passenger train belonging to the Chicago and Eastern Illinois Railroad Company struck him, inflicting the injuries complained of in this suit. He testified that when he left Flanley's Empire House he intended to go to the Root street railroad crossing and take a train to the Polk street depot; that when he left the street car he started across the tracks to board the north-bound train which was standing there and which belonged to the last mentioned railroad company. The evidence tends to show that this north-bound train stopped several minutes, on this occasion, while persons were getting off and on the cars, and that had appellee not been struck by the south-bound train he would have had ample time to board the north-bound train, as he testified it was his intention to do.

The evidence also tends to show that the gates west of the Indiana tracks were open at the time appellee went upon those tracks and also at the time he was struck, and further tends to show that the bell was not ringing and that the whistle was not blown until just as the engine struck appellee. Coggins testified that before going upon the tracks he looked both north and south for approaching trains and saw none, but that he did not look north again after he had passed within the west gate; that although his senses of sight and hearing were exceptionally good, he received no warning of the approach of the train.

At the close of the evidence for the plaintiff the defendants moved the court to give an instruction, in writing, directing the jury to return a verdict for the defendants. The motion was denied and the instruction refused. At the close of all the evidence a similar motion was made and instruction offered, with the same result. The jury returned a verdict for $12,500 in favor of the plaintiff, on which judgment was subsequently rendered, motions for a new trial and in arrest of judgment having been, respectively, overruled. The cause was taken to the Appellate Court for the First District, where the judgment of the superior court was affirmed, and appellants now appeal to this court.

The cause was tried upon counts of the declaration numbered 5, 6 and 7. The fifth charges a violation of the statutory duty to ring the bell or sound the whistle as the south bound train approached Root street. The sixth charges that the Chicago and Eastern Illinois Railroad Company habitually stopped its north-bound passenger trains at the Root street crossing and habitually received and discharged passengers there, and that in violation of its duty to intending passengers it carelessly and negligently ran the south-bound train over the crossing upon a track next to and parallel with the track upon which the north-bound passenger train was standing. The seventh count charges that the negligence consisted in failing to keep the tracks next to the standing

train free from moving locomotives, and in negligently running the south-bound train past the standing train at a high rate of speed.

Calhoun, Lyford & Sheean, for appellants.

James W. Duncan, C. LeRoy Brown, and Charles J. Gould, for appellee.

Mr. Justice Scott delivered the opinion of the court:

Appellants first contend that under their twelfth instruction, which was given to the jury, the court conditioned the right of plaintiff to recover herein upon the existence of the relation of carrier and passenger between the parties, thus limiting the issues to be decided by the jury; that there is no evidence in the record tending to show such relation, and for that reason the judgment should be reversed. Appellee, having obtained leave, filed in this court a certified copy of appellants' brief and argument in the Appellate Court. It appears therefrom that this point was not made in that court, consequently it cannot be considered here.

Appellants also question the action of the circuit court in modifying, and in giving as modified, their eleventh instruction, and in refusing their fourteenth and fifteenth instructions. The eleventh instruction, as requested, read as follows:

"The plaintiff cannot recover in this case unless it is proved, by a preponderance of the evidence, not only that the defendants were guilty of the negligence charged against them in the plaintiff's declaration, or some count thereof, but that Coggins was using reasonable care for his safety at the time of the accident; and if the jury shall find, from the evidence, that Coggins did not use reasonable *care to ascertain whether any train was approaching from the north, and carelessly placed himself on or alongside of the track on which the south-bound train was running so near to it as to expose himself to the danger of being struck by the said train, or carelessly stepped in front of said train as it had*

*almost reached him, then the plaintiff cannot recover, and their verdict should be for the defendants."*

The court modified the instruction by striking out the portion italicized and inserting in lieu thereof the following: "Or ordinary care for his own safety immediately before and at the time of the accident complained of, then the plaintiff cannot recover, and their verdict should be for the defendants," and gave the instruction so modified to the jury. It is not urged that there was error in giving the instruction as modified, except it is said that the use of the term "immediately before and at the time of the accident," restricted the jury to a consideration of the conduct of the plaintiff only after he had placed himself in a dangerous position, and would lead them to disregard his conduct prior thereto, even though the evidence showed that he was guilty of negligence in having placed himself in a position of danger. As appellants used the expression "at the time of the accident," in drawing the first part of the instruction, to specify the period during which Coggins was required to use reasonable care, they are not in a position to urge this objection. But the point is without merit in any event. (*Lake Shore and Michigan Southern Railway Co.* v. *Johnsen,* 135 Ill. 641; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Keenan,* 190 id. 217.) Appellants contend, however, that, as given, this instruction is a mere abstract proposition of law, and that there was error in modifying it, because they were entitled to have the principle therein stated applied to the facts of the case and to have the jury's attention directed to the plaintiff's failure "to take any means to ascertain whether any trains were approaching before appellee entered upon the track;" and it is urged that appellants had the right to have the jury pass upon the question whether appellee used reasonable care to ascertain whether any train was approaching from the north, and that they were entitled to an instruction calling the attention of the jury to the fact that it was the duty of appellee, not merely to use reasonable care

"to avoid injury by the train after discovering its approach, but also to exercise reasonable and ordinary care to ascertain whether any such train was approaching." We are inclined to the view that this instruction, as requested, violates the rule that "an instruction should not draw the attention of the jury to particular facts." (*Chapman* v. *Cawrey,* 50 Ill. 512; *Drainage Comrs.* v. *Illinois Central Railroad Co.* 158 id. 353.) It was apt to mislead the jury by emphasizing the duty of plaintiff with regard to the exercise of due care to avoid danger from the particular train approaching from the north as he crossed the tracks toward the north-bound train. It was his duty to exercise reasonable care for his personal safety. His mind would naturally be intent upon reaching the north-bound train and entering it in safety before it began moving. Trains might pass either north or south upon the tracks. Teams and vehicles of various kinds might come upon the crossing. It was his duty to use reasonable care to avoid danger from trains passing in either direction and from every other agency from which injury might be received, and it would have been proper to have so instructed the jury; but to call their attention particularly to his duty to exercise such care to ascertain whether any train was approaching from the north, was to call their attention to the fact that if he had stopped as soon as he came upon the Chicago and Western Indiana tracks and turned and looked to the north he could have seen the approaching train and avoided injury, and might have led the jury to conclude that a failure to take that course would necessarily bar a recovery.

In *Chicago, Burlington and Quincy Railroad Co.* v. *Gunderson,* 74 Ill. App. 356, it was held that an instruction was erroneous which advised the jury that a person going upon a railroad track "must look both ways, listen for trains and avoid being injured by them, if he can do so by the exercise of reasonable care and caution." The case came to this court, where the judgment of the Appellate Court

was affirmed in *Chicago, Burlington and Quincy Railroad Co.* v. *Gunderson,* 174 Ill. 495. We regard the instruction under consideration there and the one now before us as alike in principle.

No error was committed in refusing the fourteenth and fifteenth instructions asked by appellants, as each was objectionable in the same respect as was the eleventh in its original form.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Upon the consideration by the court of the petition for rehearing herein, Mr. Justice Scott, speaking for the court, delivered the following additional opinion :

Appellants now insist that their eleventh instruction as requested is, in substance, identical with appellant's twelfth instruction in *Chicago City Railway Co.* v. *O'Donnell,* 208 Ill. 267, the refusal of which was in that case held to be error. We are entirely satisfied with the views there expressed relative to that instruction, but the one now before us is materially different. The instruction in the *O'Donnell case* submitted to the jury the question whether ordinary care required the party injured to ascertain, before going upon the track, whether a car was approaching, and the question whether, before going upon the track, he could by the exercise of ordinary care have ascertained whether a car was approaching. The instruction now before us omits both of these propositions. In the case in the 208th the instruction submitted to the jury for their consideration every question necessary to be decided in determining whether the party injured had exercised due care. The instruction here does not submit every such question, and is objectionable because it directs the attention of the jury particularly to those facts upon which the questions which it does submit arise.

The petition for rehearing will be denied.

*Rehearing denied.*