CITY AND SUBURBAN REALTY COMPANY *v.*
JULIE E. SACHSE.

[No. 39, October Term, 1927.]

*Decided December 8th, 1927.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Emanuel E. Ottenheimer,* with whom was *I. William Schimmel* on the brief, for the appellant.

*William F. Laukaitis,* with whom was *Daniel S. Sullivan* on the brief, for the appellee.

36

Adkins, J., delivered the opinion of the Court.

This appeal is from a judgment on a verdict for plaintiff in an action of trespass *q. c. f.* The trespass and liability therefor is admitted.

The important question in the case is whether there was any evidence legally sufficient to justify the trial court in granting a prayer which permitted the jury to award punitive damages.

The plaintiff was the owner of three adjoining lots, each 25 by 125 feet, known as Nos. 105, 106, and 107 Birchwood Avenue, in a suburban development at Hamilton. They were purchased from the defendant in the year 1917 for $129 each. In the latter part of October, 1924, the defendant opened a dirt road about 30 feet wide through the middle of lots 106 and 107 without the permission of the plaintiff, and in doing so cut down about ten trees. Defendant sought to prove that it did this relying upon Ordinance No. 247 of the Mayor and City Council of Baltimore, passed and approved October 18th, 1924, for the opening of Arbutus Avenue from the southeast side of Walnut Avenue to the southeast side of Lindenwood Avenue. This included the road opened by defendant. Defendant offered this ordinance in evidence and also certain plats for the condemning and opening of Arbutus Avenue in accordance with Ordinance No. 247. On objection by plaintiff they were excluded, and this is the subject of the first bill of exception.

It is contended by appellee that this exception is not in proper form, in that it embraces two offers ruled upon by the trial court. But we regard the two offers as so connected that they may properly be included as one exception. The common objection to both offers was that the thing sought to be proved furnished no excuse for the trespass.

The second exception was to the ruling out of the testimony of a witness for the defendant that the road was cut through after the passage of the ordinance. The fourth was to the granting of plaintiff's fourth prayer, overruling defendant's special exception thereto and the refusal of defendant's first and second prayers. There was no error in

refusing defendant's second prayer, because it limited recovery to nominal damages.

Plaintiff's fourth prayer submitted the question of punitive damages to the jury. It was specially excepted to, on the ground that "there is no evidence in the case from which the jury can find that the defendant acted in such a wanton and reckless manner or in disregard of the plaintiff's rights as to entitle her to exemplary damages." The defendant's first prayer was as follows: "The defendant prays the court to instruct the jury that there is no evidence in this case to entitle the plaintiff to exemplary or punitive damages, and in estimating the damages the jury should confine their verdict to such sum as will compensate the plaintiff for any damage (if the jury shall find any) which she may have sustained by reason of the construction of the roadway over the plaintiff's property.

To prevent this prayer from misleading the jury there should have been added to it the words "and the destruction of trees," although that was involved in the construction of the roadway.

In our opinion the rulings challenged in the first and second exceptions and in granting plaintiff's fourth prayer were erroneous and prejudicial.

Evidence as to the ordinance was not relevant as a defense to the action. *Balto. & O. R. Co. v. Boyd,* 63 Md. 325. But it was admissible to be considered with other facts by the court in determining whether the question of punitive damages should be submitted to the jury; or by the jury, if such question is submitted. *Balto. & O. R. Co. v. Boyd, supra.*

"As the ground of allowing exemplary damages is evil motive or wantonness, or aggravation, all circumstances showing the absence of these may be proved to prevent the allowance of such damages." *Sedgwick on Damages,* sec. 369; 38 *Cyc.* 1115; *Gray v. Waterman,* 40 Ill. 522.

Coming now to plaintiff's fourth prayer, we find no evidence of malice or wantonness, or reckless disregard of the rights of plaintiff. The trespass itself does not raise a presumption of either. In *Timanus v. Leonard,* 121 Md. 583,

John C. Leonard and Charles T. Delaney were sued for trespass for removing a large quantity of dirt from plaintiff's lot for grading a street without plaintiff's permission. Leonard had the contract for grading the street and Delaney was his foreman. Delaney testified that when he discovered that dirt was being taken from plaintiff's lot he asked the man temporarily in charge of the work why he was getting it from plaintiff's lot. The man replied that he was told to do so by Leonard. Although Leonard was a witness in the case he did not deny that he had given such instructions. This court held, in an opinion by Judge Pattison, that there was "an absence of any such elements of wanton or malicious motives, or such reckless disregard of the rights of the plaintiff in the commission of the trespass as would entitle the plaintiff to claim punitive or exemplary damages," and that there was no error in so instructing the jury.

In *Balto. & O. R. Co. v. Boyd, supra,* the trespass was committed, as in the present case, under the supposed authority of an ordinance. In an opinion by Judge Miller this court said: "We are all of opinion the plaintiffs are not entitled to recover exemplary damages, and consequently that there was error in granting their second prayer, which allowed the jury to give such damages. This court has, on many occasions, had this subject before it, and in the very recent case of *Phila., W. & B. R. Co. v. Hoeflich,* 62 Md. 300, 307, the question was very carefully considered, and we there said that 'to entitle one to' such damages there must be an element of fraud or malice, or evil intent, or oppression, entering into and forming part of the wrongful act. It is in such cases as these that exemplary or punitive damages are awarded as a punishment for the evil motive or intent with which the act is done, and as an example or warning to others. But where the act, though wrongful in itself, is committed in the honest assertion of a supposed right, or in discharge of duty, or without any evil or bad intention, there is no ground on which such damages can be awarded.' This, we are satisfied, places the doctrine upon the right ground, and the rule applies as well to cases of injury to

property as to the person." See also *Eliason v. Groves,* 85 Md. at p. 231; *Phila., B. & W. R. Co. v. Green,* 110 Md. 32; *Sedgwick on Damages,* vol. 1, sec. 363.

The prayer under consideration is substantially the same as one approved in *Frostburg v. Hithins,* 99 Md. 617, which was strongly urged by the learned trial court as authority for its ruling. But there are two reasons why that case is no authority for the ruling complained of here: (1) There does not appear to have been a special exception filed to the prayer in that case. (2) The facts are entirely different. There was evidence in that case of oppression and bad faith on the part of the defendant.

There is one other exception to be considered, the third. This has reference to the measure of damages other than punitive. The exception, however, is not in form to reach the real cause of complaint of appellant, which was a suggestion by the court in the presence of the jury of an erroneous basis of arriving at actual damages. The only ground of this exception was the refusal to strike out the answer of a witness which was responsive to a question not objected to. There was no error in that ruling.

For the errors above pointed out the judgment must be reversed.

*Judgment reversed and a new trial awarded, with costs to appellant.*

Offutt, J., dissents.