# THE PEORIA, PEKIN AND JACKSONVILLE RAILROAD CO,

*v.*

## ALEXANDER McINTIRE.

1. BILL OF EXCEPTIONS—*its requsites—presumption.* Where a bill of exceptions does not purport to contain all the evidence, the verdict below will not be disturbed, but it will be presumed there was sufficient evidence to support it.

2. PARTIES—*right of bailee to sue.* The right of a bailee of personal property, as one who is in possession of an animal which he has taken up as an estray, to sue for and recover damages, in his own name, for injury to such property, is unquestionable.

APPEAL from the Circuit Court of Mason county; the Hon. JAMES HARRIOTT, Judge, presiding.

On the 1st of November, 1863, McIntire came into the possession of a cow, by having taken her up as an estray, which he posted as such. Subsequently, and while the animal was still in his possession, it was run over and killed by a train of cars on the Peoria, Pekin and Jacksonville railroad. McIntire brought suit against the railroad company for the value of the cow, and, upon a trial of the cause, obtained a judgment, from which the company appealed to this court.

Mr. C. A. ROBERTS and Mr. N. W. GREEN, for the appellants.

Mr. LYMAN LACEY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This action was originally commenced before a justice of the peace of Mason county, by Alexander McIntire against the

Peoria, Pekin and Jacksonville Railroad Company, under the act of 1855, for killing a cow by one of the engines of that company. A judgment was recovered by McIntire, and an appeal taken to the Circuit Court of Mason county. On a trial by a jury, the plaintiff had a verdict for twenty dollars. A motion for a new trial was overruled, and an appeal taken to this court.

The points made here are, that the court erred in giving plaintiff's third instruction, and in overruling the motion for a new trial.

The instruction complained of is as follows :

" The jury are instructed that if they find from the evidence, that the said cow or heifer was killed or so injured that it died, or was rendered worthless by the engine and cars of the said defendants, running on their said road in this county, and that said railroad had been open for use for six months or more preceding the said injury or killing, and that no fences suitable and sufficient to prevent cattle, horses, sheep and hogs from getting on to said railroad, had been, nor was at the time of the said injury or killing, erected on the sides of the said railroad, and that such fences were necessary at the place of the said injury or killing, to keep horses and cattle from getting on to the track of said railroad, from the adjoining lands, and that said injury or killing did not occur at the crossing of any public road or highway, nor within the limits of any town, city or village, nor at a greater distance than five miles from any settlement, then they will find for the plaintiff, and assess the damages in such amount as they from the evidence shall find the said cow or heifer worth at the time of said injury or killing."

The objection made is, that the instruction does not require the jury shall find from the evidence, " that the road of appellant had been open for use for six months or more preceding the injury complained of."

The instruction is composed of a single sentence only, and the jury are required to find " from the evidence," the exis-

tence of each fact stated in it. This is the grammatical sense of the instruction, and leaves the objection without any basis to support it.

Upon the other point, appellant contends a new trial should have been granted for the reason. that on the trial the mere fact only of injury to the cow was proved without any proof of negligence on the part of the railroad company; that in the absence of proof of actual negligence, and reliance had upon the act of 1855, it was necessary for him to prove that the road had been open for use six months previous to the injury complained of, but of which fact there was no proof.

Upon this point we have to say, the bill of exceptions does not purport to contain all the evidence. For aught we know, there may have been evidence as to this fact, and we must intend in aid of the verdict there was such evidence, and the attention of the jury was called to the fact by the instruction. 1 Ch. Pl. 319.

There is no question made about the right of the plaintiff to recover in his own name, although he was only a bailee of the property killed. His right to sue is unquestionable.

There being no error in the record, the judgment must be affirmed.

*Judgment affirmed.*