## Jane McGraw and Elmina Wilcox
### v.
## Israel R. Patterson, Executor.

*Trover—Evidence—Instructions—Bailments.*

1. In an action of trover for the alleged wrongful conversion of certain personal property, the fact being that defendants were the holders of a promissory note given by a person, since deceased, who had also, to secure the same, given a bill of sale of certain property, the contention being that the property demanded was not included therein, this court declines, in view of the evidence, to interfere with the judgment for the plaintiff.

2. A list of the goods demanded, with price opposite each item, the same being used by the officer who made a demand therefor, should not be allowed to go to the jury, even with the caution not to regard such prices, there being a likelihood that they will be influenced thereby, notwithstanding such caution.

3. This court holds that a recovery was properly had for goods held to be sold upon commission,

[Opinion filed May 25, 1893.]

Appeal from the Circuit Court of Lee County; the Hon. James Shaw, Judge, presiding.

Messrs. Morrison & Wooster, for appellants.

Messrs. S. B. Pool and Sherwood Dixon, for appellee.

Mr. Justice Cartwright. Nellie Butler commenced this suit in trover against appellants, Jane McGraw and Elmina Wilcox, for the wrongful conversion of certain personal property in and about a millinery and dress-making establishment formerly occupied by plaintiff. Before the trial at which the judgment appealed from was entered, the plaintiff died, and appellee, her executor, was substituted as plaintiff. There was a verdict for appellee for $691.50, on which judgment was entered.

The facts proved on the trial were briefly as follows:

Mrs. Nellie Butler was carrying on the business of millinery and dress-making, the millinery business being conducted in the front room and the dress-making in the rear room of a store building, and she lived in the basement of the same building. Appellants held a note made by her to Mrs. Snow and transferred to them, dated June 3, 1890, for $500 and interest; and on January 3, 1891, Mrs. Butler executed a bill of sale to appellants, the object of which was to secure payment of that note. Mrs. Butler was then sick in bed in the basement, and Martha Burns, a clerk, was called down from the rooms where the business was carried on and directed to take possession of the property conveyed, and to keep an account of the business done and report the same to appellants. The property conveyed by Mrs. Butler as security by the bill of sale was " the store furniture and fixtures located in the store room occupied by her as a millinery store and belonging to Mrs. James McGraw, together with her stock of millinery goods, consisting principally of ribbons, velvets, plumes, hats, caps, fancy work and embroidery silks, located in the above described store room." Martha Burns took possession of the property in the rooms where the business was conducted and ran the millinery store until February 14, 1891, when the receipts had amounted to $71.10, and she had paid out in expenes $70.89. Appellants then closed the store and kept it closed until the last week of April, 1891, when it was again opened in charge of Julia Culler. Before the commencement of this suit Mrs. Butler demanded from appellants the articles of personal property now in question, of which they obtained possession when they took possession of the store, and which it is contended on behalf of her executor, were not included in the property transferred by the bill of sale. Appellants failed and refused to surrender the articles so demanded, and the questions in this case are whether the property demanded was included in the bill of sale so as to entitle appellants to retain possession of it, and if any of it was not included, whether the value of such property not included was sufficient to sustain the verdict rendered.

As to the first question it is clear that many of the articles in question were not embraced in the terms of the bill of sale, not being store furniture or fixtures, and having no relation to the manufacture or sale of hats, bonnets, head dresses or other articles for dressing or ornamenting the head which could come within the common understanding of the term millinery goods, or any other term used in the bill of sale. Some of them were for use in the dressmaking business and others for domestic or personal use, and there were corsets, children's clothing, oil paintings, a crazy quilt not exposed for sale as any part of the stock, cloaks for sale on commission and the like. Some of this property was kept in the store and work room upstairs on account of the dampness of the basement where the family lived. It is claimed, however, that appellee could not recover the value of the cloaks which were for sale on commission. The cloaks were delivered by Mrs. Snow to Mrs. Butler for sale, and appellants offered the cloaks to Mrs. Snow, who did not receive them and had no right to their possession. She told appellants that she would send them to another milliner, Mrs. Gossip, for sale, but that they had been given to Mrs. Butler for sale and that Mrs. Butler would not release them. The bailee had a right to recover their value so as to be ready to answer to the bailor, Mrs. Snow. Dicey on Parties to Actions, 353; Benjamin v. Stremple, 13 Ill. 467; P. P. & J. R. R. Co. v. McIntire, 39 Ill. 298; Hutton v. Arnett, 51 Ill. 198.

The remaining question, whether the property not in the bill of sale, to which Mrs. Butler was entitled, was of sufficient value to sustain the verdict, is one on which it is not easy to reach a satisfactory conclusion from the record. The court admitted in evidence a written list of articles used by a constable when he made a demand of appellants, and opposite each article a value was set down according to appellee's theory of value.

The court instructed the jury not to give any attention to the values, but to use the paper only for a description of the property. The amounts had nothing to do with the demand, and the paper should not have been admitted with the prices

attached, even with the direction to not regard them; for what is placed before the eye will be seen in spite of such direction. There was competent evidence of values amounting to about $170 more than the verdict, but some of the articles testified about and enumerated on the paper introduced were fairly embraced within the terms of the bill of sale, and there was controversy as to the value of others. After eliminating those articles which were embraced in the bill of sale there was evidence of values sufficient to sustain the verdict if taken as correct. There were eight oil paintings, and the testimony for appellee was that they were valuable; one worth $50 to $75, others worth $25 to $35, and others from $5 to $20. On the other hand there was testimony that they were amateur work, of a very poor sort; that the largest was worth $2.50, the next three $2 each, and the remainder fifty cents each. Some of the articles seem to be such as accumulate about every house, which have no certain value and which may be regarded as valuable or as trash. The difficulty in reaching a conclusion as to values from a reading of the record will be readily seen, and although it might seem to us that the values allowed were high, yet we would not feel justified, on that account merely, in setting aside the judgment of the jury and the trial judge who approved the verdict, where there is testimony to support it. They had better opportunities of determining the credit to be given to estimates given by witnesses than we have, and their judgment should not be lightly set aside. We do not think that the admission of the paper with the values should work a reversal, the values being the same as fixed by other and competent testimony.

Appellee assigns as a cross-error that he was not permitted to recover for the property transferred by the bill of sale. There was evidence tending to prove that appellants claimed to hold it for more than it was pledged to secure, but there was no tender of the amount actually due and nothing was done to dispense with it. The action of the court on that subject was right.

The judgment will be affirmed.

*Judgment affirmed.*