## Richard Hanrahan v. B. A. Ulrich et al.

1. REAL ESTATE BROKERS—*When Entitled to Commissions.*—Before a broker is entitled to commissions he must furnish a purchaser who is ready, willing and able to complete the purchase on the terms proposed.

2. BILL OF EXCEPTIONS—*Where it Fails to State That it Contains All the Evidence Introduced on the Trial.*—Where the bill fails to state that it contains all the evidence introduced on the trial in the trial court, this court can not inquire whether the verdict is supported by the evidence, but it must be presumed that it is.

3. INSTRUCTIONS—*Erroneous Instructions Will Not Always Reverse.* —Although an instruction given for the plaintiff does not accurately state the law, it will not work a reversal unless this court can see that some injury has resulted therefrom to the defendant.

Assumpsit, on the common counts. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed April 28, 1903.

THOMAS McENERNY, attorney for appellant; JOHN F. MAHON, of counsel.

FITZGERALD & ORR, attorneys for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellees sued to recover broker's commissions alleged to have been earned in finding a purchaser for certain real estate owned by the appellant, upon the terms and conditions proposed by the latter. It is conceded by appellant that he listed the property in question with appellees and agreed to pay a specified sum as commissions for effecting the sale or exchange on terms agreed upon.

The controversy is one of fact as to what these terms were. Appellant's contention is that although he agreed to trade his said property situated on Wabash avenue for property on Van Buren street owned by one Bullock, it was on the express condition that appellees should effect a loan of from $7,500 to $9,000 thereon, which he says was not done.

Appellees' claim is that appellant definitely accepted a proposition and agreed to make the exchange with Bullock

Hanrahan v. Ulrich.

for the latter's Van Buren street property and $2,500 in money additional. Bullock testifies he was ready, willing and able to carry out this arrangement. It is claimed that after making this agreement appellant subsequently refused to carry it out, saying that he had a better deal offered him. The evidence preserved in the bill of exceptions is contradictory and irreconcilable. But appellees' testimony if credited, seems to justify the finding of the jury that appellees had performed their part of the agreement and earned commissions. In Pratt v. Hotchkiss, 10 Brad. 603, it is said: " The true doctrine applicable to cases of this character is that a broker, before he is entitled to commissions must furnish a purchaser who is ready, willing and able to complete the purchase on the terms proposed." See also, Sievers v. Griffin, 14 Ill. App. 63–66; Monroe v. Snow, 131 Ill. 126–136; Hoyt v. Shipherd, 70 Ill. 309–312.

Our attention is called to the fact that the bill of exceptions includes no certificate that it contains all the evidence. Appellant's attorneys urge, however, that an inspection of the bill will make it manifest that the evidence there preserved was all the evidence heard at the trial. Reference is made to the recital that the plaintiffs, to maintain their case, "introduced the following testimony;" and at the conclusion of the plaintiffs' evidence, "Here plaintiffs announced that they rested their case;" " Whereupon the defendant, to maintain the issues on his part, introduced the following testimony;" and at the close of his evidence, " Here defendant announced that he rested his case. Whereupon, the plaintiffs introduced the following rebuttal testimony;" and this is followed by the verdict, motion for new trial, etc. It is argued that while it is essential where error is assigned on the denial of a motion for a new trial, based on the claim that the verdict is against the law and the evidence, the bill of exceptions shall preserve all the evidence, it is not essential it should contain an express averment to that effect. In Stickney v. Cassell, 1 Gil. 418–420, it was said that " Whether that fact appears from an express averment to that effect in the bill of exceptions, or is rendered manifest in any other way, is

perfectly immaterial. All that the court requires is to be satisfied that it has before it all testimony upon which its judgment is to be predicated." See also, Harris v. Miner, 28 Ill. 135–138; The People v. Henckler, 137 Ill. 580–582; Mullin v. Johnson, 98 Ill. App. 621–623.

Where the bill of exceptions "fails to state that it contains all of the evidence introduced on the trial in the court below, * * * we can not inquire whether the verdict is supported by the evidence, but it must be presumed that it is." Warner v. Carlton, 22 Ill. 415–423; see also, Buckmaster v. Cool, 12 Ill. 74–75; Ill. Cent. R. R. Co. v. Garish, 39 Ill. 370; The Peoria, etc., R. R. Co. v. McIntire, 39 Ill. 298, 300; James v. Dexter, 113 Ill. 654, 656. Here it is plain the bill of exceptions fails to expressly state that it contains all the evidence, and while we may perhaps fairly infer that it does, there is a possibility that it may not. It might be unsafe practice to indulge in presumptions as to a matter which should be clear beyond peradventure; but appellees, attorneys in this case do not deny that all the evidence is preserved in the bill, and as the result must be the same in either case, we have, in reaching our conclusion, considered the cause upon the theory that the evidence is all before us.

So considering, we are unable to find any ground for disturbing the verdict and judgment. The testimony is conflicting and it was clearly a case where the finding of the jury, whose province it is to settle such conflicts, should not be disturbed.

While we are of opinion that the first instruction did not accurately state the law, it ought not to work a reversal "unless we could /see that injury to appellant resulted." People's Fire Insurance Company v. Pulver, 127 Ill. 246. If the appellees' evidence is to be believed, they had performed the duty the law required of them, and the transaction failed of completion by reason of appellant's apparently unwarranted refusal to complete the exchange which he had authorized appellees to procure for him. We find no material error in the court's rulings, and the judgment must be affirmed.