Frank W. Bradley, Appellee, v. T. J. Brown et al., Appellant.

## Gen. No. 14,132.

1. BILL OF EXCEPTIONS—*should show that it contains all the evidence.* A bill of exceptions should certify that it contains all the evidence received in the trial court; the absence of such a showing raises a presumption of the existence of other evidence tending to sustain the judgment; to avail of the absence of such a showing the appellee should assert in his brief that there was other evidence than that shown in such bill of exceptions.

2. NEGOTIABLE INSTRUMENTS—*what not competent to affect endorsement.* While parol evidence may be competent to show that an endorsement was not intended as a contract of guaranty, yet such evidence is not competent to show that the contract in question was not absolute but conditional.

Action commenced before justice of the peace. Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed January 18, 1909.

F. S. BAIRD, for appellants.

ARNOTT STUBBLEFIELD, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

The appellee in this case, Frank W. Bradley, plaintiff below, obtained a judgment against the defendants and appellants, Thomas J. Brown and F. S. Baird, before a justice of the peace, and afterward another by the consideration of the Superior Court of Cook county, on an appeal and trial *de novo* by the court without a jury, on the following note and indorsement:

"CHICAGO, March 14, 1904.

For value received after date I promise to pay to the order of F. W. Bradley ($300) Three Hundred Dollars at his office in Chicago, Illinois, with interest at 6 per cent per annum until paid. This note is pay-

able in 12 instalments of $25 each, the first being due and payable April 14th, 1904, and one instalment on the 14th of each month thereafter.

JOHN C. SATTERLEE."

On the back of said note is indorsed:

"F. S. BAIRD,
T. J. BROWN.

I hereby guarantee payment of within notes.

FRANK W. BRADLEY.

Paid 125.00.
Paid   20.00."

The judgment before the justice was only $107, but the judgment of the Superior Court, from which this appeal was taken, was $165, that being the amount which the plaintiff swore was due on the note for principal and interest. No cross-examination of the plaintiff on this point of the amount of principal and interest due on the face of the note seems to have been made, but the defendants claim in their argument that the finding and judgment are excessive by $32.76, at the very least. But they further insist that even if there is any liability on their part, the policy and judgment are excessive to a greater extent than this, because they can be liable, they say, only for the instalments of the note which fell due while Satterlee, the maker of the note, remained the agent of the Northwestern Fire Insurance Company.

Their final contention is, however, that they are not liable at all on the note, because they endorsed their names on the back of it, on the condition and agreement, assented to by the payee and plaintiff Bradley, that Satterlee should remain the agent of the Northwestern Fire Insurance Company until "he could, by his earnings as such, pay this note."

The first question that meets us in considering this appeal is involved in the point made by the appellee, that there is nothing in the bill of exceptions which declares, nor anything which properly implies, that all the evidence which was heard by the trial judge appears in the bill. The appellants' counsel says this

is implied by the use of the words "thereupon" and "whereupon" in the bill of exceptions. And also says that this implication follows from the absence of a denial of the fact by appellee's counsel in argument. To this is cited Hanrahan v. Ulrich, 107 Ill. App. 628.

Appellants' counsel is mistaken in his statement that "appellee's attorney does not deny that all the evidence is preserved in the bill."

We quote from the argument of appellee:

"We think it is apparent from the bill that other evidence was introduced, and while we are aware that the court is bound by what appears before it in the record, and not by statements of counsel, still on the liberty indicated in Hanrahan v. Ulrich, 107 Ill. App. 626, *appellant now here says that other evidence was introduced in this case.*"

Were the case to turn on this question, we should find it very difficult to escape the force of those decisions that hold that "the bill of exceptions must positively or by implication exclude the supposition that other evidence was introduced to support the judgment." For we can find but doubtful implications in the bill of exceptions, and, unlike the argument of appellee in Hanrahan v. Ulrich, the argument of appellee in this case does deny the essential fact involved. But the case at bar is like Hanrahan v. Ulrich in this: "The result must be the same in either case," and so we will indicate our decision as the Branch Appellate Court did in Hanrahan v. Ulrich, "upon the theory that the evidence is all before us."

There is no competent evidence in this case on that theory, we think, to counteract the effect of the note. The defendants were irregular endorsers of it. Under sections 63 and 64 of the Act of 1907, in regard to Negotiable Instruments, their liability as parties to the paper to the payee and subsequent parties would be definite, and not open to parol testimony. But as this Act does not apply to this note, which was "made and delivered prior to the passage thereof," we are

thrown back on the state of the law as it existed before 1907. Under numerous cases irregular endorsers of this kind were held in Illinois *prima facie* guarantors, and by other cases it was held that this presumption might be rebutted and another intended character, such as surety or mere endorser, shown by parol evidence. But no case in Illinois contradicts the implication in one of the earliest of these cases—Ward v. Stout, 32 Ill. 401,—that the parol evidence must not affect the terms of the contract, but "establish a collateral fact merely, and not rebut a presumption."

Hence the attempt is not to make the *prima facie* contract of guaranty something else, but to take away from it practically all validity, to make it purely conditional on the execution by the payee or his principal or a third party of an entirely independent contract. The evidence was inadmissible and was probably heard by the trial judge only because the cause was heard without a jury, and he could reject all incompetent or immaterial testimony on making his findings. But even if he considered it admissible and competent and material, we should not feel at liberty to reverse his finding on the weight of the evidence. The plaintiff contradicted the defendant's testimony about the alleged agreement, and had the corroboration of a promissory note on its face absolute and final.

There is no merit, in our opinion, in the contention that the judgment is excessive. The evidence is clear enough that Bradley took the note and sold it, as he had a right to do, and then, to protect his endorsement, took it up. The defendants were *prima facie* guarantors of it, liable to the payee. They have presented no evidence that the contract they made was any other than a guaranty. That indeed is the purport of the language used by Mr. Baird testifying as a witness for the defendants.

The judgment of the Superior Court is affirmed.

*Affirmed.*